07 - 422

In The United States District Court.

For The District Of Delaware

Ernest A. Crump, Jr.                    *
            Petitioner,                 *
                    v.                  *
                                        *
Thomas Carroll                          *
            Respondent.                 *            07 - 422



## MEMORANDUM OF LAW IN SUPPORT OF WRIT OF HABEAS CORPUS

The petitioner, Ernest A. Crump, Jr. pro se, moves this Honorable Court pursuant to 28 U.S.C. subsection 2254 for a Writ of Habeas Corpus, to reverse his conviction of first degree kidnapping, second degree burglary and theft, based on errors of law and Constitutional Violations as stated in the attached motion for post-conviction relief and appeal to the Delaware Supreme Court.

This is the petitioner's memorandum in support of his request for relief.

## CASE HISTORY AND PROCEDURAL ISSUES

The record in the petitioner's case shows the he was initially indicted on five charges; first degree kidnapping, second degree burglary, first degree reckless endangering, second degree conspiracy and theft felony.

Petitioner entered a guilty plea to four charges; second degree kidnapping, first degree reckless endangering, second degree burglary and theft.

Subsequently to petitioner's plea, on October 17, 1980, petitioner was sentenced to a total period of twenty five years of incarceration, thereafter; defendant filed a timely motion for reduction of sentence on October 28, 1980, which the court denied on November 13, 1980.

On January 6, 1981, petitioner again filed a motion to reduce his sentence, with a hearing scheduled for January 21, 1981. On January 21, 1981, the petitioner and his attorney withdrew his rule 35(a) and informed the court that it will file a motion under rule 35(d).

On February 4, 1981, the petitioner, through his attorney, filed a motion to withdraw his guilty plea, and although no hearing was held for the purpose of confirming testimony and affidavits presented to the court, the motion was granted.

On junen21, 1981, the day of the petitioner's trial, the petitioner appeared in open court, jury was selected but not sworn, the prosecutor informed the petitioner's attorney that he had spoken to the petitioner's witness/codefendant, and stated that his witness/codefendant had once again changed his story. Petitioner's attorney, in open court, brought this to the judge's attention and asked for a continuance, which was denied, instead, the trial judge had a pre-trial hearing and had the petitioner's witness take the stand in open court and essentially stated that whatever the petitioner's witness states on the stand, will stand for trial. After said statement by the trial judge and testimony by his witness, the petitioner plead guilty to first degree kidnapping, second degree burglary and theft and on august 21,1981, was sentenced to life plus five years of incarceration.

PROCEDURAL ISSUES

Under Delaware law, this court must first determine whether the petitioner has met the procedural requirements of Superior Court Criminal Rule 61(i) before it can consider the merits of his post conviction relief claim.

This was the petitioner's second motion for post conviction relief, and although it wasn't filed within three years of his conviction, the petitioner is asserting a retroactively

applicable right that was newly recognized which falls within three years of it first being recognized by the Supreme Court of Delaware or the Supreme Court of the United States, in particular; Blakely v. Washington. No. 02-1632, argued March 23, 2004 and decided on June 24, 2004. Furthermore, the petitioner is also asserting Superior Court Criminal Rule 61(i)(5), which makes the bars to relief in paragraph (1), (2) and (3) of this subdivision inapplicable and shall not apply to a colorable claim, which the petitioner is also asserting, that a miscarriage of justice because of a constitutional violation that undermined the fundamental legality, reliability, integrity and fairness of the proceedings leading to the judgment of conviction which the petitioner's grounds and it's contents will clearly show.

Whereby this Court should exercise it's duty to correct the manifest injustice done in this case, and set aside the judgment of conviction.

## GROUND ONE

Petitioner argues that his June 22, 1981 plea to first degree kidnapping and his august 21 1981 sentence to life deprived him of his constitutional right to have a jury determine beyond a reasonable doubt all facts legally essential to his sentence, especially since this sentence is a "RE-SENTENCE" of the same crime and an enhancement of his previous sentence of twenty five years for second degree kidnapping. (See: Blakely v. Washington. No. 02-1632, argued March 23, 2004 – decided June 24, 2004).

i

The trial judge must closely examine the facts in each case to insure that a kidnapping

charge is not used to unjustly supplement an underlying offense as to elevate it to a

mandatory life sentence (see Weber v. State, Del. Supr. 547 A2d 948), and it was held in

Blakely v. Washington that because the facts supporting petitioner's exceptional sentence

was neither admitted by the petitioner, nor found by a jury, the sentence violated his six

amendment right to a trial by jury.

This rule reflects two longstanding tenets of common law criminal jurisprudence that the

' Truth of every accusation against a defendant should be afterwards confirmed by the

unanimous suffrage of twelve of his equal and neighbors '. This rule is of the utmost

importance since in the petitioner's case , he plead guilty to the same offense, but a

different degree, when in fact, under Delaware Code, Title 11,783 A. Kidnapping in the

first degree and 783. Kidnapping in the second degree are exactly identical in substance

of the crime, furthermore, Delaware Code Title 11 782. Unlawful imprisonment in the

first degree is a lesser included offense of first degree kidnapping , therefore a jury should

have been able to determine if the petitioner's enhanced sentence is justified, because it's

rational to conclude that the jury may have found the petitioner guilty of the lesser, yet

acquit him of the greater (see U.S. v. Browner, 889 F2d 549).

The State contends that in Benge v. State, the Delaware Supreme Court held that Blakely

does not impact Delaware's sentencing scheme because the SENTAC(Sentencing

Accountability Commission) guidelines are voluntarily and non-binding, and that since

the newly recognized right alleged is not applicable to Delaware's SENTAC guidelines,

that the petitioner had three years after the judgment of conviction was final to file a

timely Rule 61 motion. However, the state failed to also state that the petitioner is not
under SENTAC guidelines, because his offense occurred July 25, 1980 and was
sentenced on August 21, 1981, when in fact the SENTAC Sentencing Standards became
effective October 10, 1987 ( over seven years after the petitioner's offense occurred).
therefore SENTAC guidelines are not even remotely applicable to petitioner's case.

## GROUND TWO

Petitioner argues that his counsel was ineffective, in violation of the six amendment of
the Constitution of the United States when he allowed the prosecutor to threaten the
petitioner, in front of him, *with false information*, never disputing it even though this
false information contained being sentenced to *an illegal sentence of life* as a habitual
offender. Petitioner further argues that at his plea colloquy his attorney never informed
him that the *elements of his offense* would have provided him with an *affirmative defense*
*reducing his crime* from *first degree kidnapping* to *first degree unlawful imprisonment*
since the *elements* of the offense are a *subset* of the charged offense and said evidence
would have permitted a jury to rationally find the petitioner guilty of the lesser offense
and acquit him of the greater, therefore additionally arguing that these set of
circumstances made his *plea involuntarily* where it was induced by *counsel's faulty legal*
*advice* and information and not disputing the state's information.

On June 22, 1981, the day of the petitioner's trial, the prosecutor told the petitioner, in the presence of his attorney, Joseph Leszcz, that the only plea he was offering the petitioner was a plea to life in prison, and that if he did not accept the plea of life and decided to go to trial, and was found guilty, he was going to give the petitioner an additional life sentence as an habitual offender. The petitioner's attorney *never disputed* that statement and *advised* the petitioner *to accept the plea offer of life* to avoid the possibility of an additional life sentence as an *habitual criminal* if found guilty at trial. The petitioner had every intention of going to trial, and in fact had went as far as *selecting a jury* with the only procedure left was the swearing of them in, but because of counsel's *erroneous advice*, petitioner was *prejudiced* by the advice and information within the meaning of Strickland.

Petitioner's attorney, in *open court* at his plea colloquy, *stated* to the judge that he had reviewed with the petitioner the range of *penalties facing him*, *including* the possibility of being sentenced as an *habitual offender* and receiving an *additional life sentence,* however, even the *state acknowledged* that at *NO TIME* was the petitioner even eligible for habitual offender sentencing. The petitioner's attorney should have *never* even mentioned that critical and invalid information about an habitual offender sentence because it *induced fear* in the petitioner's mind, and petitioner truly believes his attorney *purposely misled* him into accepting a guilty plea to life when *he knew* or *should have known* the petitioner couldn't get life as a habitual offender.

The state contends that the petitioner is procedurally barred pursuant

to Superior Court Criminal Rule 61(i)(2), because it contends that the petitioner was required to include this ground in his prior motion for post conviction, however, the petitioner has shown that it is warranted of in the interest of justice, petitioner further asserts that claims for ineffective assistance of counsel are not subject to procedural default because the Delaware Supreme Court will not hear such claims for the first time on appeal, stating that these issues are properly brought before the court in a rule 61 motion for post conviction relief ( see State v. Brown 2002 W L 130694 )

## GROUND THREE

Petitioner argues that when his attorney filed a motion on 02/04/81 to withdraw his guilty plea, his constitutional rights were violated by not having due process done by not having a hearing before granting said motion and asserts that if the trial judge had provided a hearing as required in cases where the threshold of cause was potentially sufficient to permit withdrawal of a guilty plea. In Dickerson v. State Del. Supr. 399 A. 2d 202 1979, it states; " The court must hold a hearing on any new issue which requires one and shall therefore state the reason for it's ruling ", and in State v. Isley, it states; " The proper practice for withdrawing a plea of guilty contemplates testimony or affidavits presented to trial judge " and further states; " court should keep record of hearing on withdrawal of plea ". If the trial judge had provided the petitioner with a hearing, it would have been discovered at that time, that the petitioner's co-defendant/witness had changed his story again, contradicting the affidavit he had made in support of said motion to withdraw his

Guilty plea, because the petitioner was *entitled to a hearing* in motion for new trial based on affidavit of *convicted co-defendant, exculpating petitioner* and describing the crime committed as involving *other co-participants* ( see U.S. v. Gates, 10 F3d 765, on rehearing in part 20 F3d 1550 ), and it further states in U.S. v. Miller, 987 F2d 1462 that; Trial court ordinarily *must hold evidentiary hearing* to determine *credibility* and effect of *recantation* of witness when offered in support of motion for new trial. But because the petitioner was never given a hearing before the trial judge granted said motion, this critical information was not discovered until moments before trial was to begin, which placed the petitioner at a severe unjust disadvantage in defending his case which violated the integrity and fundamental fairness of justice. This abuse of discretion of the trial judge *is reversible error*.

## GROUND FOUR

Petitioner argues that the Superior Court President Judge and Commissioner abused it's discretion when it *refused* to have his prior attorney respond as ordered by the court to his claim of ineffective assistance of counsel. An abuse of discretion can occur in three principal ways: (1) a *relevant factor* that should have been given significant weight is *not considered,* (2) an irrelevant or improper factor is considered and given significant weight, and (3) all proper factors, and no improper ones, are considered, but the court, in weighing those factors, commits a *clear error of judgment*. The *petitioner's attorney was*

*required by law*, in accordance to a order from the court, and in accordance with *Superior Court Criminal Rule 61(g)(2)* to respond to his claim of ineffective assistance of counsel, and in fact was ordered to do so by may 5, 2005, by serving his response and affidavit on the state and the petitioner, however petitioner's attorney *never responded* as ordered by the court, and despite the petitioner's *objections and inquiries*, the court never *reinforced* it's own court order to have his prior attorney respond as a *rule of law*. The petitioner's allegations were one of significant injustice actions performed by his prior counsel, with evidence to support it, and because of that, the court abused it's discretion when it exceeded the bounds of reasoning in view of the circumstances or so ignored rules of law or practice so as to produce injustice (see Homestore. Inc. v. Taffen. 886 A 2d and MCA, Inc. v Matsushita Elec. Indus Co. Ltd. 785 A 2d 625 ).

## GROUND FIVE

Petitioner argues that the Superior Court President Judge and Commissioner abused it's discretion by refusing to have an evidentiary hearing as he requested in reference to his petition for post conviction relief. On June 6, 2005, petitioner filed a response about his prior attorney as well as the state not responding or asking for some form of extension of time. Petitioner asked for, and should have been given an evidentiary hearing to *determine* all the grounds in his petition and *reasons* for his prior counsel's non response. The evidence and allegations the petitioner presented to the court were of such a

significant nature that the only *rectifiable* solution would have and should have been an

evidentiary hearing, especially since violations of the constitution were appropriately

presented to the court, yet the court, with it's broad discretion, abused it, and not only

didn't afford the petitioner an evidentiary hearing but *never ruled* on his request which

*denied* him the *opportunity* to even *appeal* said request.

## GROUND SIX

Petitioner argues that the Superior Court President Judge and Commissioner abused it's

discretion when it denied his request for transcripts. When the court only provides a

transcript to certain defendants, it discriminates against indigent defendants, here a

specific subset of indigent defendants, ( those who chose to represent themselves on

appeal ) are denied access to their trial transcripts, see Greene v. Brigano, 904 F. Supp.

675 ( S.D. Ohio 1995 ), consequently Ohio violated Mr. Greene's rights under the Equal

Protection and Due Process Clause. Although there is no blanket right to free transcripts

for the purpose of preparing post-trial motions, the Constitution does require that material

such as transcripts be provided after judicial certification that they are necessary . The

petitioner case is a nonfrivolous one and believes that the trial judge should have ordered

them in order to determine if the petitioner is entitled to relief. Petitioner believes he has

Articulated specific allegations of constitutional infirmity to entitle him as a matter of

right.

## GROUND SEVEN

Petitioner argues that the Superior Court President Judge and the Commissioner abused

it's discretion when it denied his request for appointment of counsel. On march 18 ,2005,

petitioner filed a motion requesting counsel, indicating that his case involves complex

issues of sentencing, re-sentencing, affidavits, witnesses, pleas, withdrawal of pleas,

prosecutorial misconduct, evidence of possible intimidation of witnesses, that he's unable

to adequately examine and effectively address and present. In deciding whether to

appoint counsel for indigent litigants, judges should first determine whether the

indigent's position seems likely to be of substance. If claim meets the threshold

requirement, court's should consider indigents ability or inability to investigate crucial

facts, whether conflicting evidence implicating need for cross-examination will be major

proffer presented to fact finder, indigents ability to present his case, complexity of legal

issues and any special reasons in that case why appointment of counsel would be more

likely to lead to just determination. Petitioner believes he has met that threshold. See

Hodges v, Police Officers, 802 F2d 58 9 (2nd Cir. 1986)

GROUND EIGHT

Petitioner argues that the Delaware Supreme Court abused it's discretion and erred when it denied his appeal to them on his post conviction relief without addressing his claim of ineffective assistance of counsel. A claim of ineffective assistance of counsel is one of allegation of violations of the United States Constitutional rights guaranteed to all citizens of the United States. This right to effective counsel is one of the crucial fibers and frameworks this country was built on, so the unfortunate fact that the Delaware Supreme Court has failed to even discuss it and formulate an *opinion and legal ruling* on said allegations is inconceivable and a travesty to our legal system. The petitioner's claim has documented evidence, *in open court*, of his prior attorney telling the sentencing judge at his re-sentencing, that *he had explained* all the range of penalties the petitioner was facing, *including the possibility* of being sentenced as a *habitual offender*, which meant being sentenced to life for that, when in fact the petitioner was *never even eligible* to be sentenced as an habitual offender, and, in fact, *even the state* acknowledged that the petitioner was at *no time* even eligible to be sentenced as a habitual offender ,see exhibits *A and B* of this Memorandum of law. That fact by itself is enough to *falls below the standard of Strickland* especially since the petitioner accepted a plea based on this erroneous information that his prior attorney stated in open court. In addition to that, petitioner's prior attorney, doing the course of his post conviction proceedings, *never responded, as ordered by the court*, to petitioner's claim of ineffective assistance of counsel, once again showing his disregard and ineffectiveness and *competence,* yet the Delaware Supreme Court elected to not address it in the petitioner's appeal to their court.

## CONCLUSION

Petitioner believes his grounds show clear, precise, documented and substantiated evidence that he has been wronged and his constitutional rights have been clearly violated under various clauses, and therefore prays this Honorable Court reverse his conviction and remand it back to the appropriate court for further review.

Respectfully Submitted,

Ernest A. Crump, Jr.
S.B.I.# 00149221, Unit D/W
Delaware Correctional Center
1181 Paddock Road
Smyrna, Delaware  19977

EXHIBIT A

Not Reported in A.2d

Not Reported in A.2d, 1997 WL 718681
(Cite as: Not Reported in A.2d)

accepted Crump's pleas, being satisfied that Crump knowingly and intelligently entered same. (Proceeding at 33-40). The Court then ordered a Presentence Investigation.

*4 Prior to sentencing on August 21, 1981, Crump made an oral motion, through Counsel to withdraw his guilty plea and to change it to a Robinson Plea. However, the State noted it would not consider a Robinson Plea. As the Court noted, a Robinson Plea is only acceptable with the consent of the State.

The following exchange then took place:
**Defense Counsel:** I have explained this to the defendant. He still feels he is innocent of the charges and feels he was forced into taking the plea because if he had gone to trial at the time it might have been with certain certainty that he would be convicted facing one life sentence plus an additional one hundred and one years maximum plus prosecution as an habitual, which would mean another life.
**The Court:** Well, of course he can have those reservations and he can express that as the reason for what he did, but if, in fact, he now agrees that the plea he entered should have been entered and the Court should have accepted it, then I see no reason why he shouldn't be sentenced.
**Defense Counsel:** The motion was just to change his plea from guilty to guilty under the Robinson Rule which the State has indicated to me they oppose and they opposed it before. (Transcript of sentencing at 3-4).
The Court declined to change the plea to guilty under Robinson and Crump made no comment concerning this ruling. The Court then proceeded to sentence Crump. Crump did not appeal either his conviction or sentence or the denial of his motion to the Supreme Court.

## II. DISCUSSION

Under Delaware Law, the Court must first determine whether Crump has met the strict procedural requirements of Superior Court Criminal Rule 61(i) before it may consider the merits of the postconviction relief claims. FN3 The pending motion was filed more than fourteen and a half

years after Crump's conviction was final. Thus, pursuant to Rule 61(i)(1) Crump's motion is time-barred unless he "successfully asserts a retroactively applicable right that is newly recognized after the judgment of conviction is final." FN4 Crump has not alleged any such right, therefore, his motion should be deemed procedurally barred under Rule 61(i)(1).

> FN3. *Bailey v. State,* Del.Supr., 588 A.2d 1121, 1127 (1991); *Younger v. State,* DelSupr., 580 A.3d 552, 554 (1990) (citing *Harris v. Reed,* 489 U.S. 255, 109 S.Ct. 1038, 103 L.Ed.2d 308 (1989)).

> FN4. *Cobb v. State,* Del.Supr., No. 362, 1995, Walsh, J. (Jan. 10, 1996) (ORDER) at 5-6; *State v. Mills,* Del.Supr., Cr.A. No. IN86-07-0283R2, Gebelein, J. (March 27, 1996) (Mem.Op.) at 3; Super.Ct.Crim.R. 61(i)(1).

Crump contends however, that under Rule 61(i)(5), the time bar of Rule 61(i)(1) does not apply to a claim that the Court lacked jurisdiction, or to a colorable claim that there was a miscarriage of justice because of a constitutional violation that undermined the fundamental legality, reliability, integrity or fairness of the proceeding leading to the judgment of conviction. FN5 However, Crump is mistaken in his assumption that merely asserting a claim of either lack of jurisdiction or a constitution violation is sufficient to warrant relief under Rule 61(i)(5). The claim must also have merit. FN6 Furthermore, the burden of proving the constitutional violation is on the movant. FN7 "The fundamental fairness exception ... is a narrow one and has been applied only in limited circumstance..." FN8. A review of Crump's claims shows he has failed to allege, much less prove any constitutional violation concerning the entry of his guilty plea. For this reason, I recommend that the Court deny Crump's motion.

FN5. Super.Ct.Crim.R. 61(i)(5).

FN6. *State v. Mills,* supra. at 4.

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

faced for pleading guilty to First Degree Kidnapping, Second Degree Burglary, and Felony Theft
-- including the life sentence with the possibility of parole which was required to be imposed for
the charge of First Degree Kidnapping. The Court was satisfied that Mr. Crump offered his pleas
voluntarily and knowingly and thereafter accepted his guilty pleas.

It does not appear that the defendant in fact was eligible for habitual offender sentencing
I have attached a copy of his criminal record as Exhibit D. In any event, Mr. Crump certainly
cannot establish that his guilty pleas were coerced. As noted above, the record establishes that
his pleas were entered freely and voluntarily.

It is noteworthy that, during the plea colloquy, Mr. Leszcz stated Mr. Crump had
indicated to him that he was in fact guilty of the charges to which he pled guilty. Also, although
the sentence which was imposed was a life sentence, the defendant would have been eligible for
parole, normally, within less than twelve years.* So, while the sentence which was imposed was
stringent, it was not necessarily unreasonable for the defendant to enter the pleas which he
entered. Given the strong likelihood of conviction at trial – in view of the prospective testimony
of the victim and co-defendant – the defendant's decision to plead guilty to three of the five
pending charges seems to have been a reasonable decision. In any event, the decision about
whether to plead was ultimately the defendant's, and the record establishes clearly that he freely
and voluntarily chose to enter his pleas.

Each of Mr. Crump's six claims is without merit. He has offered no evidence to support
the allegations asserted in the pending motion. Therefore, the State respectfully requests that the
Court dismiss Mr. Crump's motion for postconviction relief summarily pursuant to Superior
Court Rule 61(d)(4).

Thank you for your attention to this matter.

Very truly yours,

Stephen R. Welch, Jr.
Deputy Attorney General

cc:    Ernest Crump (DOC)
       Prothonotary

*A review of Mr. Crump's criminal record demonstrates that he was in fact eventually
paroled. He committed a number of new offenses and was apparently returned to the custody of
the Department of Corrections because he violated parole.

MR: ERNEST A. CRUMP JR
SBI: 149221 UNIT D/W
DELAWARE CORRECTIONAL CENTER
1181 PADDOCK ROAD
SMYRNA, DELAWARE 19977

Legal Mail

U.S. District Court
J. Caleb Boggs Building
844 King Street Lock Box 18
Wilmington, DE
19801





UNITED STATES POSTAL SERVICE
$ 04.60°
02 1A
0004698915
JUN 29 2007
MAILED FROM ZIP CODE 19877