IN THE SUPREME COURT OF THE STATE OF

DELAWARE

0 7 - 4 2 2

Ernest A. Crump, Jr
Appellant,

v.

Superior Court of the State
of Delaware, In and for Kent
County.

State of Delaware
Appellee.

Cr. A. Nos. IK80-07-0068R2
IK80-07-0070R2
IK80-07-0071R2
IK80-05-0020R2

ON APPEAL FROM THE SUPERIOR COURT OF
THE STATE OF DELAWARE, IN AND FOR KENT
COUNTY

APPELLANTS
OPENING BRIEF

John R. Williams, Esquire
Deputy Attorney General
Department of Justice
102 West Water Street
Dover, DE 19904

Ernest A. Crump Jr
Delaware Correctional Ctr.
1181 Paddock Road
Smyrna, DE 19977

0 7 - 4 2 2

DATED: 03 - 22 · 06



FILED

JUL - 2 2007

RGscanan

TABLE OF CONTENTS

PAGE

TABLE OF AUTHORITIES.............................................. V
NATURE AND STAGE OF THE PROCEEDINGS...............................X
SUMMARY OF THE ARGUMENTS..........................................XV
STATEMENT OF THE FACTS............................................XX

ARGUMENTS:

Movant has elected to omit grounds 2,3 and 4 of his instant post
conviction petition as arguments, and will therefore only address
grounds 1,5 and 6. However movant will also argue issues of an
interlocutory nature that occured after said petition was filed
but before it was denied or during the denial process.

I. Violation of the six amendment of the United States Constitution
   when the States sentencing procedure deprived the movant of his
   constitutional rights to have a jury determine beyond a reason-
   able doubt all facts legally essential to his sentence......1

II. Ineffective Assistance of Counsel when defense counsel allowed
    the prosecutor to threaten movant with false information, not
    disputing it eventhough it contained information of an illegally
    imposed sentence of life if he didnt plea to life in exchange
    of avoiding an additional life sentence as an habitual offender
    ...........................................................3

III. Abuse of Discretion when movant didnt have a hearing on his
     motion to withdraw his guilty plea, because critical informat-
     ion would have been discovered at said hearing that would have
     had movant seriusly consider withdrawing his motion to with-
     draw his guilty plea.....................................5

i

IV. Superior Court President Judge and Commissioners refusal to have movants prior attorney to respond as ordered by the court in accordance with Superior Court Criminal Rule 61(g)(2) to movants allegation and claim of ineffective assistance of counsel........................................................ 7

V. Superior Court President Judge and Commissooners refusal to have a evidentiary hearing as movant requested............. 7

VI. Superior Court President Judge erred in denying movants motion for post conviction without addressing movants ineffective assistance of counsel claim............................... 8

VII. Superior Court President Judge and commissioner abusing its Discretion by allowing the state to not follow court order to respond by a particular date.......................... 8

VIII. Superior Court President Judge and Commissioner abusing its discretion by denying movants request for transcripts. .... 9

VX. Superior Court President Judge and Commissioner abusing its discretion by denying movants request for appointment of counsel. ......................................... 9

CONCLUSION.....................................................

i

TABLE OF AUTHORITIES

PAGE

CASES:

Blakely v Washington, No. 02-1632 (2004)........................1

Murray v. Carrier, 477 U.S. 478, 496 (1986)....................4

Strickland v. Washington, 466 U.S...............................4

U.S. v. Browner, 829 F2d 549 - EXHIBIT E.....Page 2............

Salas v. U.S. 996. F. Supp. 826 (E.D. III 1998).EXHIBIT D PAGE 2

U.S. v. Rodriquez-Luna, 937 F2d 1208(7th Cir.1991) Exh. D Page 2

Griffin v. Illinois, 351 U.S. 12 (1956).. EXHIBIT C PAGE 2

Carter v.   Illinois, 329 U.S. 173, 175 (1986)..EXHIBIT C PAGE 2

Curran v. Wolley, Del. Supr. 104 A2d 177 (1962)..EXHIBIT C pg.2

Jones v. Anderson, Del. Supr. 183 A2d 177..EXHIBIT C PAGE 2

Pounds v. Smith 430 U.S. 817, 47 Sct. 1497..EXHIBIT C PAGE 2

Hodge v. Police Officers, 802 F 2d 58 (2nd Cir. 1986) . . . . . \ . . . 9

Greene v. Brigano, 904 F. Supp. 675 (S.D. Ohio 1995) . . . . . . . 9

## NATURE AND STAGE OF THE PROCEEDINGS

Defendant is a inmate at Delaware Correctional Center.

On july 25, 1980, movant was arrested and charged with; Kidnapping 1st, Burglary 2nd, Conspiracy 1st, Reckless Endangering 1st and Theft Felony.

On 09/23/80, movant plead guilty to; Kidnapping 2nd, Burglary 2nd, Reckless Endangering 1st and Theft, and on 10/17/80 movant was sentenced to a total of 25 years of incarceration.

On 02/04/81, movant, through his attorney Joseph Leszcz, filed a motion to withdraw his guilty plea, and although no hearing was held for the purpose of testimony confirming affidavits presented to the court, the motion was granted.

On 06/22/81, movants trial date, defendant appeared in open court, jury was selected but not sworn, changed his plea to guilty of Kidnapping 1st, Burglary 2nd and Theft.

On 08/21/81, movants sentencing date, movant in open court, presented motion for change of plea, which was denied, and movant was sentenced to Life imprisonment plus and additional 5 years.

On 09/25/81 and 01/18/90, movant filed a motion for a reduction of sentence, both motions were denied.

On 08/01/95, movant filed a motion to correct an illegal sentence,
09/21/95, said motion was denied.

On 04/03/  , movant filed his first motion for post conviction relief
pursuant to Superior Court Criminal Rule 61.

On 10/11/96, movant filed a motion for appointment of counsel, and on
10/25/96, said motion was denied.

On 10/30/96, movant requested for copies of transcripts. said motion
was never ruled on.

On 04/14/97, Commissioner Andrea M. Freud, recommended that movants
petition for post conviction relief be denied, and on 09/02/97, judge
Max Terry denied said motion for post conviction relief.

On 12/29/04, movant filed his second motion for post conviction relief
pursuant to Superior Court Criminal Rule 61.

On 02/04/05, movant filed a motion requesting transcripts, which was
denied 3·24·05

On 03/18/05, movant requested for appointment of counsel, which was
denied 3·24·05

On 03/17/05, movant s motion for post conviction relief was refered to
Commissioner Freud, and on 03/23/05, commissioner Freud ordered movants
prior counsel - Joseph Leszcz, to respond to movants allegation of
ineffective assistance of counsel on or before may 2, 2005, ordered the
Department of Justice to respond by june 2, 2005, and the movant to
reply, if any by july1,2005

(6)

ON 04/08/05, movant filed an objection to the order of reference and briefing.

On 06/09/05, movant filed a response about his prior attorneys non-response by 05/02/05 as ordered, and the Department of Justices non-response by 06/02/05 as ordered, and requested a hearing.

On 06/22/05, movant filed an objection to the Department of Justices late and unauthorized response.

On 08/26/05, movant filed a writ of mandamus in the Delaware Supreme Court, to direct the Superior Court to rule on movants interlocutory motions.

On 08/30/05, Commissioner Freud filed a report andrecommendation to deny the movants motion for post conviction relief.

On 09/02/05, movant appealed the Commissioners report and recommendation.

On 09/13/05, the Department of Justice responded to the movants writ of mandamus.

On 09/21/05, movant filed his response to the states answer about said mandamus.

On 12/07/05, the Delaware Supreme Court dismissed the movants writ of mandamus.

On 01/31/06, President Judge James T. Vaughn , denied movants second
motion for post conviction relief pursuant to Superior Court Criminal
Rule 61.


A timely notice of appeal was made, This is the movants opening brief.

(8)

SUMMARY OF THE ARGUMENTS

I. Whether there is a violation of the six amendment of the U.S.
Constitution when the states sentencing procedure deprived the
movant of his constitutional right to have a jury determine
beyond a reasonable doubt all facts legally essential to his
sentence.

II. Whether there is ineffective assistance of counsel when defense
counsel allowed the prosecutor to threaten movant with false
information, not disputing it eventhough it contained infor-
mation of an illegally imposed sentence of life if he didnt
plea to life in exchange of avoiding an addotional life sen-
tence as an habitual offender.

III. Whether there was abuse of discretion when movant didnt have
a hearing on his motion to withdraw his guilty plea, because
critical information would have been discovered at said hearing
that would have had movant seriously consider withdrawing his
motion to withdraw his guilty plea.

IV. Whether the Superior Court President Judge abused its discretion
when refused to have movants prior attorney respond as ordered
by the court order in accordance with Superoir Court Criminal
Rule 61 (g)(2) to movants allegation and claim of ineffective
assistance of counsel.

V. Whether the Prseident Judge and Commissioner abused its dis-
cretion by refusing to have a evidentiary hearing as movant
requested.

VI. Whether Superior Court President Judge erred in denying movants
motion for post conviction without addressing movants inaff-
ective assistance of counsel claim .

VII. Whether Superior Court President Judge and Commissioner abused
its discretion oy allowing the atste to not follow eourt order
to respond by a particular date.

VIII. Whether Superior Court President Judge and Commissioner abused
its discretion by denying movants request for transcripts.

VX. Whether Superior Court President Judge and Commissioner
abused its discretion by denying movants request for appoint-
ment of counsel.

STATEMENT OF FACTS

The record in the movants case shows that he was initially indicted on 5 charges; kidnapping 1st, burglary 2nd, reckless endangering 1st, conspiracy 1st and theft, and on 10-17-80, movant through a plea bargain, was sentenced to 25 years of incarceration for 2nd degree kidnapping, burglary 2nd, reckless endangering 1st and theft.

On 01-06-81, movant filed a motion for a reduction of his sentence, with a hearing scheduled for 01-21-81. Movant and his attorney with drew his rule 35(a) and informed the court that it will file a motion under rule 32(d), and on 02-14-81, movant through his attorney, filed a motion to.withdraw his guilty plea, and on 03-27-81 said motion was granted.

On 06-22-81, the day of movants trial, movant appeared in open court, jury was selected but not sworn in, the prosecutor informed the movants attorney that he had just spoken to the movants witness/ co-defendant, and stated that the movants witness/co-defendant had once again changed his story.

Movants attorney, in open court, brought this to the judges attention and asked for a continuance to investigate this issue. the request was denied. Instead , the judge had a pre-trial hearing and had movants witness/co-defendant take the stand in open court and essentially stated that " whatever he states on the stand will stand for trial ". after said statement by the trial judge and testimony by movants witness/co-defendant, movant plead guilty to

1st degree kidnapping, burglary 2nd and theft, and on 08-21-81 was sentenced to life plus 5 years in prison.

PRIMARY ARGUMENT

Ground 1. Violation of the six amendment of
the United States Constitution when
the states sentencing procedure
deprived the movant of his consti-
tutional right to have a jury de-
termine beyond a reasonable doubt
all facts legally essential to
his sentence.

## STANDARD AND SCOPE OF REVIEW

Movant refers to Blakely v. Washington, No. 02-1632, argued
03-23-2004 - decided 06-24-2004 to support his claim, yet the state
claims that Blakely isnt applicable due to a Delaware Supreme Court
case and ruling stating that anybody sentenced under SENTAC and
its standards are considered voluntary and nonbinding, however
SENTAC SENTENCING STANDARDS became effective 10-10-1987, and the
movant was sentenced 08-21-1981.

Movants case is unusual and unique in nature because he was sen-
tenced and re-sentenced for the same crime and offense. on 10-17-80
through a plea agreement, movant was sentenced to a total of 25
years for kidnapping 2nd, burglary 2nd, theft and reckless endan-
gering 1st. On 02-04-81, movant filed a motion to withdraw his
guilty plea, which was granted. On 06-22-81, movant plead guilty
to a higher degree of kidnapping than the earlier 2nd degree and
was sentenced to a mandatory life sentence.

Movant believes that because he faced more severe time than he
previously had after pleading to 1st degree kidnapping, and since
he had already picked a jury, his plea should have been submitted
to said jury to determine beyond a reasonable doubt, whether the
facts he admitted to were legally essential to the elements of
1st degree kidnapping and a sentence of life, because if the movant
had went to trial, a jury verdict may have determined that the movant
was guilty of a lesser offense of kidnapping, and because of non
presentation before a jury, the judge inflicted punishment that
the jurys verdict alone, may not have alone allowed.

PRIMARY ARGUMENT

Ground 5. Ineffective Assistance of Counsel
when defense counsel allowed the
prosecutor th threaten the movant
with false information, not dis-
puting it eventhough it contained
information of an illegally imp-
osed sentence of life if he didnt
plea to life in exchange of avoid-
ing an additional life as as
habitual offender.

### STANDARD AND SCOPE OF REVIEW --

Movants plea was not made knowingly and voluntarily where it
was induced by counsel faulty legal advice and information and not
disputing the states information.

Movant had every intention on going to trial, in fact the recirds
show that the movant went as far as to select a jury and the only
procedure left was the swearing in of the jury, but because of c
counsels erroneous advice, movant was prejudiced by the advice and
information, within the meaning of Struckland.

Movants attorney, in open court at his plea colloqy, stated to the
judge that he had reviewed with the movant the range of penalties
facing him including the possibility of being sentenced as a habitual
offender - SEE EXHIBIT A, PAGE 4 OUTLINED -, however that wasnt true,
and the state acknowledges that the movant, at no time, was in fact

3

even elgible for habitual offender sentencing - SEE EXHIBIT B PAGE 5
OUTLINED.

The states evidence against the movant was weak at best. The victim
had serious difficulty identifying the movant because, according to
arresting officer detectives notes, the alleged perpetrator wore a
stocking  over his or her face. The perpetrator Mr. Thomas, made
several different statements including and excluding the movant as
a co-perpetrator, The driver of the getaway car; Tracy Gunter, made
a affidavit or statement stating the movant wasnt with him and Mr.
Thomas and played no part in the crime, and the victim indicated
that the perpetrators wore gloves, therefore latent prints wouldve
been challenged.  But when movants attorney told him if he want to
to trial, and was found guilty, that he would receive an additional
life sentence as a habitual offender ( Which was totally false )
along with a life sentence for his charge, and then advised him to
plead guilty to 1st degree kidnapping to avoid an additional life
sentence, movant felt compelled, especially since his attorney con-
vinced him that he wouldnt win if he went to trial, to plea to 1st
degree kidnapping.  Movant believes counsels faulty legal advise
and discussion about the possibility of facinf life as an habitual
offender when he at no was even elgible under habitual offender
status, prejudiced him within the meaning of Strickland.

Right to effective assistance of counsel may be violated by even
isolated error of counsel if that error is sufficient, aggregious
and prejudicial. Murray v. Carrier, 477 U.S. 478, 496 (1986), In the
context of a guilty plea, a defendant can satisfy the prejudice prong
by demostrating that but for counsels deficient performance, reason-
probabilty exist that the movant would not have plead guilty and would
haveinsistedona trial, Strickland v.washington,466 u.s.

4

PRIMARY ARGUMENT

Ground 6. Abuse of discretion when movant
didnt have a hearing on his motion
to withdraw his guilty plea,
because critical information
would have been discovered at
said hearing that would have had
movant seriously consider withdrawing
his motion to withdraw his guilty
plea.

## STANDARD AND SCOPE OF REVIEW

On the day of movants trial, moments before movants jury was to
be sworn in, movants co-defendant, changed his statement to reflect
the exact opposite of his affidavit that the movant submitted in his
motion to withdraw his guilty plea which was granted.

On 02-04-81, movant filed a motion to withdraw his guilty plea. This
motion was based on a affidavit by movants codefendant stating the
movant had not been involved in the crime, based solely on the aff-
idavit, movants motion was granted on 03-27-81 without a hearing.

Movant believes that there should have been a open court hearing on
his motion to withdraw his guilty plea if the court consideredhis
grounds valid. At this hearing the court could have had the movants
co-defendant take the stand for the purpose of verifying the authen-
ticity of said affidavit as well as whether it was made willingly
and voluntarily, because the movant would have discovered at that
hearing that his codefendant was going to contradict his own word

5

once again and lie and implicate the movant again.  With this in0
formation, the movant would have withdrew his motion to withdraw
his guilty plea.

INTERLOCUTORY ARGUMENTS

1. Superior Court President Judge and
   Commissioners refusal to have movants
   prior attorney to respond as ordered
   by the court in accordance with Superior
   Court Criminal Rule 61(g)(2) to movants allegation
   and claim of ineffective assistance of counsel

### STANDARD AND SCOPE OF REVIEW

Movants prior counsel was ordered to respond to he movants
allegation and claim of ineffective assistance of counsel on or
before may 2, 2005. Movants prior counse never responded by may 2,
2005, in fact, movants prior counsel never responded at all, not
even late. The court never re-ordered movants prior counsel to re-
spond and ruled on said claim without any attornry response.

2. Superior Court President Judge and
   Commissioners refusal to have a evi-
   dentiary hearing as movant requested.

On 06-09-05, movant filed a response about his prior attorney
not responding as well as the state not responding or even asking
for an extension of time. Movant asked for, and should have been
given a evidentiary hearing to determine all the grounds in his
petition and reasons for his prior counsel and states non-response.
The court abused it discretion when it didnt have a hearing.

7

3. Superior court president judge erred
in denying movants motion for post conviction
without addressing movants ineffective
assistance of counsel claim.

## STANDARD AND SCOPE OF REVIEW

Movants prior counsel never abided by the 03-23-05 court order
to respond by 05-02-05 to movants claim, in fact he never responded,
therefore movants claim and allegations, along with no response from
his prior counsel, should have been considered factual and true,
thus granting his post conviction relief due to ineffective assistance
of counsel.

4. Superior Court President judge and
Commissioner abusing its discretion by allowing
the state to no follow court order to respond
by a particular date.

## STANDARD AND SCOPE OF REVIEW

Department of justice was orddered on 03-23-05 to respond to
movants post conviction and his prior counsel by 05-02-05. The state
never responded on time, and didnt respond until 06-17-05, after the
movant requested a hearing.

5. Superior Court President Judge and
   Commissioner abused its discretion
   by denying movants request for
   transcripts.

## STANDARD AND SCOPE OF REVIEW

When the court only provides a transcript to certain
defendants, it discriminates against indigent defendants, here a
specific subset of indigent defendants, ( those who chose to re-
present themselves on appeal ) are denied access to their trial
transcripts, SEE GREENE V. BRIGANO, 904 F. Supp. 675 ( S.D. Ohio
1995 ), consequently Ohio violated Mr. Greenes rights under the
Equal Protection and Due Process Clause.

6. Superior Court President Judge and
   Commissioner abused its discretion
   by denying movants request for
   appointment of counsel.

## STANDARD AND SCOPE OF REVIEW

In deciding whether to appoint counsel for indigent lit-
igants, judge should first determine whether the indigents position
seems likely to be of substance. If claim meets the threshold re-
quirement, court should consider indigents ability to investigate
crucial facts, whether conflicting evidence implicating need for
cross-examination will be major proff presented to fact finder,
indigents ability to present the case, complexity of legal issues
and any special reasons in that case why appointment of counsel
would be more likely to lead to just determination. Movant has (
met that threshold. SEE Hodge v. Ploice Officers, 802 F2d 58 (2nd
Cir. 1986)

9

## XXX CONCLUSION

The Superior Court president judge and the Commissioner abused its discretion time and time again during the interlocutory process of these proceedings, violating various equal protection and due process clauses, which unfairly impeded the movant from any redress. Additionally the movant believes his primary grounds clearly show that he was perjudiced and his constitutional rights were violated. and in light of the aforementioned, the movant request the lower courts decision be reversed and the case remanded.

Ernest A. Crump, Jr

S.B.I.# 149221, Unit W
Delaware Correctional center
1181 Paddock Road
Smyrna, DE  19977

IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| ERNEST A. CRUMP, JR., | § | |
| | § | No. 72, 2006 |
| Defendant Below, | § | |
| Appellant, | § | Court Below–Superior Court |
| | § | of the State of Delaware, in |
| v. | § | and for Kent County in |
| | § | IK80-05-0020, 0068, 0070, |
| STATE OF DELAWARE, | § | 0071. |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: March 27, 2006
Decided:     July 3, 2006

Before **STEELE,** Chief Justice, **HOLLAND** and **JACOBS,** Justices.

## O R D E R

This 3rd day of June 2006, upon consideration of the appellant's opening brief and the appellee's motion to affirm pursuant to Supreme Court Rule 25(a), it appears to the Court that:

(1)    The appellant, Ernest A. Crump, Jr., filed an appeal from the Superior Court's order of January 31, 2006, that denied his second motion for postconviction relief pursuant to Superior Court Criminal Rule 61 ("Rule 61"). The appellee, State of Delaware, has moved to affirm the judgment of the Superior Court on the ground that it is manifest on the face of the opening brief that the appeal is without merit. We agree and affirm.

2005, the Commissioner recommended that the Superior Court deny Crump's motion as procedurally barred under Rule 61(i).[2]

(5)    Crump filed written objections to the Commissioner's report. Following a de novo determination of Crump's objections, the Superior Court adopted the report and denied Crump's postconviction motion. This appeal followed.

(6)    On appeal, Crump argues three of the six claims that he raised in his second postconviction motion.[3] He also challenges the Commissioner's denial of his motion for appointment of counsel and motion for transcript. Finally, Crump argues that the Superior Court should have conducted an evidentiary hearing on the postconviction motion and should not have considered the State's untimely response to the motion.[4]

(7)    Crump has failed to demonstrate prejudicial error or abuse of discretion arising from the Commissioner's denial of his motion for

---

[2]Del. Super. Ct. Crim. R. 61(i) (listing bars to postconviction remedy).

[3]Crump argues (i) violation of rights under the Sixth Amendment; (ii) ineffective assistance of counsel; and (iii) failure to conduct hearing on motion to withdraw 1980 guilty plea. Crump's remaining postconviction claims are deemed abandoned and will not be addressed by the Court. *Somerville v. State*, 703 A.2d 629, 631 (Del. 1997).

[4]The record reflects that the State's response was due on or before June 2, 2005 and was filed on June 21, 2005.

3

settled Delaware law. To the extent that judicial discretion is implicated,

clearly there was no abuse of discretion.

NOW, THEREFORE, IT IS ORDERED that, pursuant to Supreme

Court Rule 25(a), the State of Delaware's motion to affirm is GRANTED.

The judgment of the Superior Court is AFFIRMED.

BY THE COURT:

Chief Justice

5

CERTIFICATE OF SERVICE


I, Ernest A. Crump Jr, hereby certify that I have served a true and correct copy of the attached; APPELLANTS OPENING BRIEF, upon the following persons:


TO: Clerk of the Delaware Supreme Court
    P.O. Box 476
    Dover, Delaware  19903

TO: Judge James T. Vaughn - President Judge
    Superior Court, Kent County
    38 The Green
    Dover, Delaware  19901

TO: Commissioner Andrea M. Freud
    Superior Court, Kent County
    38 The Green
    Dover, Delaware  19901

TO: John R. Williams, Esquire
    Department Of Justice
    102 West Water Street
    Dover, Delaware 19904


    By placing same in a sealed envelope and depositing same in The United States Mail at the Delaware Correctional Center, Smyrna, Delaware  19977.

On this 22nd day of march, 2006

                                    Ernest A. Crump Jr

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR _____ KENT _____COUNTY

STATE OF DELAWARE          )
                v.          )          No._____
                            )             (to be supplied by Prothonotary)
Ernest A. Crump Jr          )
Name of Movant on Indictment )

Ernest Alexander Crump Jr    )
Correct Full Name of Movant  )

## MOTION FOR POSTCONVICTION RELIEF

## MOTION

1.  County in which you were convicted ____KENT_____

2.  Judge who imposed sentence ___Joseph T. Walsh_____

3.  Date sentence was imposed ___August 21, 1981_____

4.  Offense(s) for which you were sentenced and length of sentence (s):

    _____

     First degree kidnapping - Life with parole _____

     Second degree Burglary 3 years and Theft felony 2 years

5.  Do you have any sentence(s) to serve other than the sentence(s) imposed because of the judgment(s) under attack in this motion?    Yes (  )    No (  )
    If your answer is "yes," give the following information:
    Name and location of court(s) which imposed the other sentence(s):

    _____

    _____

    Date sentence(s) imposed: _____

    Length of sentence(s) _____

6.  What was the basis for the judgment(s) of conviction?  (Check one)
        Plea of guilty ( XX )
        Plea of guilty without admission of guilt ("Robinson plea")  (   )
        Plea of nolo contendere  (   )
        Verdict of jury  (   )
        Finding of judge (non-jury trial)  (   )

7.  Judge who accepted plea or presided at trial _Joseph T. Walsh_____

8.  Did you take the witness stand and testify?  (Check one)
    No trial (xx )    Yes (  )   No (  `

9.  Did you appeal from the judgment of conviction? Yes (  )   No (XX )
    If your answer is "yes," give the following information:

    Case number of appeal _____

    Date of court's final order or opinion _____

1

10.  Other than a direct appeal from the judgment(s) of conviction, have you filed any other motion(s) or petition(s) seeking relief from the judgment(s) in state or federal court? Yes ( x )  No ( )       How many? ( x )
If your answer is "yes," give the following information as to each:

Nature of proceeding(s) Superior Court Criminal Rules 35(a) & 61

Grounds raised Ineffective Assistance of Counsel, Coerced guilty

plea, suppression of favorable, Denial of a continuance and

a Correction of an illegal sentence

Was there an evidentiary hearing? NO
The Department of Corrections lost all my
Case number of proceeding(s) legal papers during an administrative trans:
                                       09/25/95 - Rule 35 (a) &
Date(s) of court's final order(s) or opinion(s) 09/02/97 - Rule 61

Did you appeal the result(s)? NO

11.  Give the name of each attorney who represented you at the following stages of the proceedings relating to the judgment(s) under attack in this motion:

At plea of guilty or trial Joseph Leszcz

On appeal NO APPEAL

In any postconviction proceeding Pro'se

12.  State every ground on which you claim that your rights were violated. If you fail to set forth all grounds in this motion, you may be barred from raising additional grounds at a later date. You must state facts in support of the ground(s) which you claim. For your information, the following is a list of frequently raised grounds for relief (you may also raise grounds that are not listed here): double jeopardy; illegal detention, arrest, or search and seizure; coerced confession or guilty plea; uninformed waiver of the right to counsel, to remain silent, or to speedy trial; denial of the right to confront witnesses, to subpoena witnesses, to testify, or to effective assistance of counsel; suppression of favorable evidence; unfulfilled plea agreement.

2

Ground one: Violation of the sixth Amendment of U.S. Constitution
Supporting facts (state the facts briefly without citing cases):
Sentencing procedure deprived the movant of his constitutional

right to have a jury determine beyond a reasonable doubt all facts

legally essential to his sentence.

Ground two: Abuse of Discretion

Supporting facts (state the facts briefly without citing cases):
Trial judge denied movant a continuance on day of trial after a

" Key witness ", who's previous affidavit claimed defendants innocence

" Surprisingly " changed his atatement at pre-trial hearing.

Ground three: Abuse of Discretion
Supporting facts (state the facts briefly without citing cases):
Trial judge abused his discretion at preitrial hearing by making

ruling that " whatever witness states on stand, will stand for trial "

thus inferring the exclusion of any other evidence or statement.
If any of the grounds listed were not previously raised, state briefly what grounds were not raised,
and give your reason(s) for not doing so: SEE MEMORANDUM OF LAW IN SUPPORT OF

MOVANTS REQUEST FOR POST CONVICTION RELIEF.




Wherefore, movant asks that the court grant him all relief to which he may be entitled in this
proceeding.

_____
Signature of attorney (if any)

I declare the truth of the above under penalty of perjury.

12/29/2004
Date Signed

Signature of Movant
(Notarization not required)

forms/mtnpcr.wp
Revised 9/2002

3

Ground Four: Prosecutorial Misconduct

Supporting facts:

Prosecutor intruded into holding room where defendants witness/co-
defendant was, unrequested and without the defendant or his attorneys
knowledge until after the fact, or consent, which the defendant
believes influenced said witness to change his story.


Ground five: Ineffective Assistance of Counsel

Supporting facts:

Defense Counsel allowed the prosecutor to threaten the defendant with
false information, not disputing it when it contained information of
an illegal sentence of life in prison if he did'nt plea to life in
exchange of avoiding an additional life sentence.


Ground six: Abuse of Discretion

Supporting facts:

Defendant should have had a hearing to his motion to withdraw his
guilty plea because critical information would have been established
at said hearing that would have made the defendant withdraw his motion
to withdraw his GUILTY PLEA.

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR KENT COUNTY

| | | |
|---|---|---|
| STATE OF DELAWARE | * | |
| v. | * | Criminal Action No. IK80-07-0068, |
| | | IK80-07-0069 & |
| Ernest A. Crump Jr, | * | IK80-07-0070 |
| movant. | | |
| | * | |

## MEMORANDUM OF LAW IN SUPPORT OF RULE 61

## MOTION FOR POST CONVICTION RELIEF

The movant, Ernest A. Crump Jr, pro'se, moves this Honorable
Court pursuant to Superior Court Criminal Rule 61, to reverse
his conviction of First degree kidnapping, Second degree burg-
lary and Theft, based on errors of law and Constitutional Vio-
lations as stated in the attached motion for post conviction
relief.

This is the movants memorandum in support of his request for
relief.

(1)

CASE HISTORY AND PROCEDURAL ISSUES

The record in the movants case shows that he was initially indicted on five charges: First degree Kidnapping, Second degree Burglary, First degree Reckless Endangering, Second degree Conspiracy and Theft Felony.

Movant entered a guilty plea to four charges: Second degree kidnapping, first degree reckless endangering, second degree burglary and theft.

Subsequently to defendants plea, on october 17, 1980, defendant was sentenced to a total period of twentyfive years of incarceration thereafter, defendant filed a timely motion for reduction of sentence on October 28, 1980, which the court denied on November 13, 1980.

On January 6, 1981, defendant again filed a motion to reduce his sentence, with a hearing scheduled for January 21, 1981.  On january 21, 1981, the movant and his attorney withdrew his Rule 35(a) and informed the court that it will file a motion under Rule 32(d).

On February 4, 1981, the defendant, through his attorney, filed a motion to withdraw his guilty plea, and although no hearing was held for the purpose of testimony confirming affidavits presented to the court, the motion was granted.

On June 22, 1981, t e day of the movants trial, the movant appeared in open court, jury was selected but not sworn, the prosecutor informed

(2)

the movants attorney that he had just spoken to the movants witness/
codefendant, and stated that his witness/codefendant had once again changed
his story. Movants attorney, in open court, brought this to the judges
attention and asked for a continuance, which was denied, instead, Judge
Walsh had a pre-trial hearing and had the movants witness/codefendant take
the stand in open court and essentially stated that whatever the movants
witness//codefendant states on the stand, will stand for trial. after said
statement by the trial judge and testimony by his witness/cod-fendant,
the movant plead guilty to first degree kidnapping, second degree burglary
and theft and on august 21, 1981 was sentenced to life plus five years
of incarceration.

## PROCEDURAL ISSUES

Under Delaware, this court must first determine whether the movant
has met the procedural requirements of Superior Court Criminal Rule 61(i)
before it can consider the merits of his post conviction relief claim.

This is the movants second motion for post conviction relief, and
although it was'nt filed within three years of his conviction, the movant
is asserting a retroactively applicable right that is newly recognized
which falls within three years of it first being recognized by the Supreme
Court of Delaware or the Supreme Court of the United States, in particular
Blakely v. Washington. No. 02-1632, argued march 23, 2004 and decided on
june 24, 2004. Furthermore, the movant is also asserting Superior Court
Criminal Rule 61(i)(5), which makes the bars to relief in paragraphs (1),
(2) and (3) of this subdivision inapplicable and shall not apply to a
colorable claim, which the movant is also asserting, that a miscarriage
of justice because of a constitutional violation that underminded the

(3)

fundamental legality, reliability, integrity and fairness of the proceed-
ings leading to the judgment of conviction which the movant grounds and
it's contents will clearly show.

Whereby this Court should exercise it's duty to correct the manifest
injustice done in this case, and set aside the judgment of conviction.

(4)

GROUND ONE

Movant·argues that his june 22, 1981 plea to first degree·kidnap-

ping and his august 21, 1981 sentence to life deprived him of his con-

stitutional right to have a jury determine beyond a reasonable doubt

all facts legally essential to his sentence, especially since this

sentence is a " re-sentence " of the same crime and an enhancement of

his previous sentence of 25 years for second degree kidnapping. ( see

Blakely v. Washington. No. 02-1632, Argued march 23, 2004 - Decided

june 24, 2004.

The trial judge must closely examine the facts in each case to

insure that a kidnapping charge is not used to unjustly supplement an

underlying offense so as to elevate it to a mandatory life sentence,

and it was held in Blakely v. Washington, that because the facts

supporting petitioners exceptional sentence was neither admitted by

petitioner, nor found by a jury, the sentence violated his sixth

amendment right to trial by jury.

This rule reflects two longstanding tenets of common law criminal

jurisprudence that the " Truth of every accusation against a defendant

should be afterwards confirmed by the unanimous suffrage of twelve of

his equals and neighbours ". This rule is of the utmost importance

(1)

since in the movants case, he plead guilty to the same offense, but a

different degree, when in fact, under Delaware Code, Title 11, 783 A.

Kidnapping in the first degree and 783. Kidnapping in the second degree

are exactly identical in substance of the crime, therefore a jury

should have been able to determine if the movants enhanced sentence is

justified, because it's rational to conclude that the jury may have

found the movant guilty of the lesser, yet acquit him of the greater,

see U.S. v. Browner, 889 F 2d 549.

(2)

GROUND TWO

   Defendant argues that the trial judge abused his discretion, in
violation of his constitutional right of due process and equal protect-
ion, when he denied the defendant a continuance on his 06/22/81 trial
date. Although ordinarily the reviewing court will be hesitant to
find such abuse of discretion where motion for continuance was made
on day of trial, however this denial prejudiced the movants ability to
defend himself.


   On the same day of trial, movant picked his jury but never got
sworn in, the prosecuto, without the movants and his attorneys knowledge
uutil after the fact, or authorization, left the courtroom and talked
to the movants witness/codefendant. (this witness/codefendant, had pre-
voiusly been the states witness when the movant was first sentenced to
the 25 year sentence for this case. however some time later, the movants
witness/codefendant signed an affidavit stating that the movant was'nt
involved in the crime, and that he was coerced into implicating the
movant. This affidavit was submitted as evidence and the movant filed
a motion to withdraw his guilty plea, which was granted.). After the
prosecutor talked to the movants witness/codefendant, the prosecutor
informed the movants attorney that his witness had changed his story
once again and again implicated the movant in the crime. The movants
attorney, after talking to the witness, informed the movant that it was
in facr true and that his witness did change his story again.

The movants lawyer, in open court, brought this to the judges
attention and asked for a continuance to investigate this unexpected
"Surprise information". the trial judge denied the request for a
continuance. the movants attorney then informed the judge that the only
reason the defendant filed a motion to withdraw his guilty plea, and the
record clearly shows, was because of his codefendants affidavit stating
that he was'nt involved, and now that he has changed his story again,
at the very least, the defendant should get a continuance to thoroughly
investigate this issue, however the trial judge still denied said request
for a continuance.


Movant believes that this unique circumstance surrounding his
request for a continuance, and the subsequent denial by the trial judge
demostrated clear prejudice and abuse of discretion which made the
movant unable to defend himself, which is a error of magnitude requiring
a reversal, see Keene v. U.S. 661 A 2d 1073.

(2)

## GROUND THREE

The movant argues that the trial judge abused his discretion, in violation of his constitutional rights of due process and equal protection, with respect to a evidentiary hearing on his june 22, 1981 trial date when, BEFORE the movants witness/codefendant took the stand, stated; "whatever he states on the stand will stand for trial", thus inferring that any other previous statements "would'nt stand for trial" in violation of Delaware Rules Annotated, Delaware Uniform Rules of Evidence - Rule 103. Rulings on Evidence -(a) effect of erroneous ruling and (d) Plain error.

By the trial judge making such a ruling of erroneous nature and/ or Plain error by admitting into evidence the statement the movants witness made on the stand at the evidentiary hearing, yet inferring that any other previous statements made would be excluded, it made a substantial right of the movant affected, see Laws , Webb, Del. Suppr. 658 A 2d 1000 (1995).

(1)

GROUND FOUR

Movant argues that the prosecutor displayed prosecutor misconduct, in violation of his constitutional rights of due process and equal protection, when he talked to the movants witness without authorization or knowledge of the movant until after the fact, which the movant believes influenced his witness to change his ataement.

On june 22, 1981, the day of the movants trial, and after the jury was selected but not sworn in, during a recess, the prosecutor left the courtroom for a few minutes and returned back into the courtroom and informed the movants attorney that he ahd just spoken to the movants wittness and further stated that the movants witness had once again changed his story.

The movant believes that his witness should have been protected and isolated, free from adversary communication, confrontation, coersion and or intimidation, because it's a fact, that before the prosecutor inappropiately intruded into the room that the movants witness was held in, the movant witness had maintained the movants innocence and in fact had signed an affidavit stating so, and that asid affidavit was used in the movants feburuary 4, 1981 motion to withdraw his guilty plea, and it is furthermore a fact that because of said affidavit, hte movants motion to withdraw his plea was granted, and finally, it's equally a fact that after the prosecutor inappropiately intruded into the holding room and talked to the movants witness, he "SURPRISINGLY" changed his story, thus leaving a rational person to believe or suggest that the prosecutors misconduct, could've, and probably did, influence his witness to change his story and statement.

(1)

GROUND FIVE

Movant argues that his counsel was ineffective, in violation of the sixth amendment of the constitution of the united states, when he allowed the prosecutor to threaten the movant, in front of him, with false information, never disputing it enevthough this false information contained being sentenced to an illegal sentence of life as an habitual criminal.

On june 22, 1981, the day of the movants trial, the prosecutor told the movant, in the presence of his attorney, that the only plea he was offering was a plea to life in prison, and that if the movant did'nt accept the plea of life, and decided to go to trial, and was found guilty he was going to give the movant an additional life sentence as an habitual. The movants attorney never disputed that statement and advised the movant to accept the plea offer of life to avoid the possibility of an additional life sentence as an habitual criminal if found guilty at trial

The movant subsequently discovered on his own, after he was sentenced to life in prison, that he could'nt have been sentenced to life as an habitual criminal because his current conviction was only his second felony conviction, thus making him inelgible at any time prior to the acceptance of his plea, or if he had went to trial and been found guilty, for habitual status. The movants attorney had to have known this very significant and critical information, yet he purposely misled the movant into accepting a guilty plea to life when in fact the maximum he could have received was life instead of an additional life sentence, which would have significantly decreased the movants chances of ever getting out of prison

(1)

This behavior of the movants attorney fell below an objective standard of reasonableness that prejudiced the movant because his counsel errors were to the extent that there is a rearsonable probability that the outcome of the movants case would have been different.

(2)

## GROUND SIX

Movant agrues that when his attorney filed a motion on february 4, 2004
to withdraw his guilty plea, his constitutional rights were violated
by not having due process due to not having a hearing before granting
said motion and asserts that if the trial judge had provided the movant
with said hearing, it would have been discovered at that time, that the
movants witness/codefendant had changed his story again contradicting
the affidavit he had made in support of said motion to withdraw his
guilty plea. But because the movant was'nt given a hearing before the
trial judge granted his motion to withdraw his plea, this critical
evidence was'nt discovered until moments before trial was to begin,
which placed the movant at a severe and unjust disadvantage in defend-
ing his case which violated the integrity and fundamental fairness of
justice.   This abuse of the trial judges discretion is reversable
error.

(1)

## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
## IN AND FOR KENT COUNTY

STATE OF DELAWARE            )        **Cr. A. Nos. IK80-07-0070 R2**
                             )                    **IK80-07-0068 R2**
v.                           )                    **IK80-07-0071 R2**
                             )
**ERNEST A. CRUMP, JR.**     )        **Cr. A. Nos. IK80-05-0020 R2**
        SBI No. 00149221     )

### ORDER OF BRIEFING

This 23rd day of March, 2005, the defendant having filed a motions for postconviction relief pursuant to Superior Court Criminal Rule 61;

**IT IS ORDERED** that:

(1)   Defendant's prior counsel, Joseph F. Leszcz, Esquire, *Retired*, shall file an affidavit with the Prothonotary responding to the factual allegations of the ineffective-assistance-of-counsel claim(s) pursuant to Rule 61(g)(2) on or before Monday, May 2, 2005, serving the affidavit on the State and on the movant.

(2)   The Department of Justice shall file a legal memorandum with the Prothonotary in response to the motion, taking into account the factual assertions in both the motion and trial counsel's response, pursuant to Rule 61(f) on or before Thursday, June 2, 2005.

(3)   Any reply by the movant to the above affidavit of prior counsel and to the State's response shall be filed with the Prothonotary by Friday, July 1, 2005.

**Commissioner Andrea Maybee Freud**

oc:    Prothonotary
cc:    Honorable James T. Vaughn, Jr.
       Stephen R. Welch, Jr., Esquire
       Joseph F. Leszcz, Esquire, *Retired*
       Ernest A. Crump, Jr., DCC
       File

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR KENT COUNTY

| | | |
|---|---|---|
| State of Delaware | * | |
| plaintiff , | * | |
| v. | * | Cr. A. No. IK80-07-0068, 0069 & |
| Ernest A. Crump Jr | * | 0070 |
| defendant. | * | |

### REQUEST FOR APPOINTMENT OF COUNSEL

COMES NOW, Ernest A. Crump Jr, the defendant, hereby moves that this Honorable Court appoint him Counsel for representation of his post- conviction petition in the above captioned case.

The following is asserted in support of said request:

1. The above mentioned case and petition imvolves complex issues of sentencing, re-sentencing, affidavits and witnesses, pleas and with- drawl of pleas, prosecutorial misconduct, evidential and intimi- dation of witnesses, that the petitioner's unable to adequately examine and effectively address and present.

WHEREFORE, for all the above reasons, I'm respectfully asking this Honorable Court to appoint me Counsel for the above captioned case.

March 18, 2005

Respectfully Submitted

Ernest A. Crump Jr
S.B.I.# 00149221
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE 19977

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR KENT COUNTY

State of Delaware,          (
    Plaintiff,          (
                  (
v.          (    Cr. A. No. IK80-07-0068, 0069 &
                  (                0070
Ernest A. Crump Jr,          (
    Defendant.          (

## MOTION FOR TRANSCRIPTS

COMES NOW, Ernest A. Crump Jr, the indigent, incarcerated pro se defendant, who moves this Honorable Court for an Order directing that he receive one (1) photocopy of the previously prepared transcripts of the following proceedings before the Court, at no cost to him.

    a. All proceedings on 06/22/1981, including evidentiary hearing and all sidebar conferences.

    b. All proceedings at 08/21/1981 sentencing hearing, including request to withdraw guilty plea at said hearing.

In support of the instant Motion, defendant states:

    (1) That he is indigent and cannot afford the cost of either transcription or photocopying.

(1)

(2) The transcripts are necessary for the defendant to proceed
with his post conviction remedies that are guaranteed by both the
Delaware and U.S. Constitutions.


(3) Pursuant to Rule 26 ( e and f ) of the Delaware Supreme
Court, it is possible for defendant to obtain one(1) copy, free of
charge, for appelate purposes, of the requested transccipts, pro-
vided that a Judge of this Court certifies the need for same.


(4) Defendant argues that he has Constitutional rights to
free transcripts. He has the right to gain a meaningful review cf
all proceedings leading to judgment of conviction, Griffin v.
Illonois, 351 U.S. 12 (1956), as well as to " open an inquiry into
the intrinsic fairness " of the proceedings. Carter v. Illonois.
329 U.S. 173, 175 (1946). see Curran v. Wolley, Del. Supr., 104
A 2d 177, 179 (1962)( applying Carter); Jones v Anderson, Del.
Supr., 183 A 2d 177, 179 (1962)( applying Curran). Griffin ruled
that " destitute defendants must be afforded as adequate appelate
review as defendants who have money enough to buy transcripts " Id
351 U.S. 17, 76 S. Ct. 591.


Moreover, in an " access to the courts " context, the United States
Supreme Court ruled the " Statesmust expend funds for transcripts ".
Bounds v. Smith 430 U.S. 817, 97 S Ct. 1497.


(2)

WGEREFORE, the defendant respectfully request the court to grant his motion for transcripts.

DATED: 02/04/05

Respectfully Submitted,

Ernest A. Crump Jr, pro se

S.B.I.# 00149221

Delaware Correctional Center

1181 Paddock Road

Smyrna, DE 19977

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR KENT COUNTY

| STATE OF DELAWARE | ** | Cr. A. Nos. IK80-07-0070R2 |
|---|---|---|
| v. | ** | Cr. A. Nos. IK80-07-0068R2 |
| Ernest A. Crumo Jr, | ** | Cr. A. Nos. IK80-07-0071R2 |
| S.B.I.# 149221 | ** | Cr. A. Nos. IK80-05-0020R2 |

## MOVANTS RESPONSE TO HIS PRIOR ATTORNEY Joseph F. Leszcz
## AND THE DEPARTMENT OF JUSTICE'S RESPONSE

COMES NOW, Ernest A. Crumo Jr, pro se movant, hereby responding to his prior attorney's response and the Department of Justice.

RESPONSE ABOUT PRIOR ATTORNEY JOSEPH F. LESZCZ:

1. By an order from Commissioner Andrea Maybee Freud dated 03-23-05, the movants prior counsel, Joseph F. Leszcz, Esquire, retired, was directed to file an affidavit with the prothonotary responding to the factual allegations of the ineffective assistance of counsel claims pursuant to Rule 61(g)(2) on or before monday 05-02-05, serving the affidavit on the state and the movant.

2. Movants prior counsel, Joseph F. Leszcz, has failed to respond on or before 05-02-05 as directed to do. Wherefore because the movants prior counsel has failed, the movant is requesting that his allegations and claims be ruled as factual and true, thus rendering his prior attorney's actions as ineffective assistance of counsel.

1.

3. Ineffective assistance of counsel must meet the two pronged test described in Strickland v. Washington, 466 U.S. 668 (1984): (1) counsel's performance fell below an objective standard of reasonableness; and (2) counsel's deficient performance prejudiced the defendant resulting in an unreliable or fundamentally unfair outcome of the proceedung. The movants claim has met both test's when movants counsel misinformed him of the ultimate sentence attached to his guilty plea, failed to properly investigate the sentencing guidelines and lured him into pleading guilty with erroneous information, see Salas v. U.S. 996 F. Supp 826 (E.D. III 1998): and further asserts that said plea was involuntarily because of ineffective assiatence of counsel becaune counsels advice was'nt within the range of competence demanded of attorneys in criminal cases, and but for counsels errors, the movant would have not plead guilty and would have insisted on going to trial. see U.S. v. Rodriguez - Luna, 937 F. 2d 1208 ( 7th Cir. 1991). In fact, the movant had already selected a jury for his trial, thus clearly demostrating his intentions.

## CONCLUSION

In light of the factual claims and allegations made by the movant against his prior counsel, which he has failed to respond to as directed, and/or deny the correctness thereof, the movants ineffective assistance of counsel claim has clearly been met. and further asserts that the satisfaction of establishing this claim alone, without addressing any other claims in this petition, is enough to set aside his conviction, and respectfully ask this honorable court to do so.

2

RESPONSE ABOUT THE DEPARTMENT OF JUSTICE:

1. By an order from Commissioner Andrea Maybee Freud dated 05-23-05, the Department of Justice was directed to file legal memorandum with the prothonotary in response to the movants motion, taking into account the factual assertions in both the motion and trial counsel's response pursuant to Rule 61(f) on or before thursday 06-02-05.

2. The Department of Justice has failed to respond as directed to do. Wherefore because the Department of Justice has failed, the movant is requesting that the grounds and factual assertions be ruled as true and correct, thus again satisfying the courts requirements to set aside his conviction.

## CONCLUSION

In light of both, the movants prior counsel's failure to respond and the Department of Justice's as well, the movant respectfully request this Honorable Court to immediately have a hearing to set aside his conviction.

Dated :06-09-05

OS : Prothonotary

CC: Hon. James T. Vaughn, Jr

Comm. Andrea M. Freud

Stephen R. Welch, Jr., Esquire

Respectfully,

Ernest A. Crump Jr

S.B.I.# 149221

Delaware Correctional Center

1181 Paddock Road

Smyrna, DE 19977

## Certificate of Service

I, Ernest A. Crump Jr , hereby certify that I have served a true

and correct cop(ies) of the attached: Movants response to his prior attorney

and the Department of Justice upon the following

· parties/person (s):

TO: Judge James T. Vaughn, Jr

Superoir Court, Kent County

38 The Green

Dover, Delaware  19901

TO: Comm. Andrea M. Freud

Superior Court, Kent County

38 The Green

Dover, Delaware 19901

TO: Prothonotary Office

Superior Court, Kent County

38 The Green

Dover, Delaware  19901

TO: Stephen R. Welch, Jr, Esquire

Department of Justice

102 West Water Street

Dover, Delaware  19904

BY PLACING SAME IN A SEALED ENVELOPE and depositing same in the United
States Mail at the Delaware Correctional Center, Smyrna, DE 19977.

On this     10th day of     June                           , 2005

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR KENT COUNTY

| | | |
|---|---|---|
| STATE OF DELAWARE | * | Cr. A. Nos. IK80-07-0070R2 |
| | * | Cr. A. Nos. IK80-07-0068R2 |
| v. | * | Cr. A. Nos. IK80-07-0071R2 |
| | * | Cr. A. Nos. IK80-05-0020R2 |
| Ernest A. Crump Jr | * | |
| S.B.I.# 149221 | * | |

MOVANTS OBJECTION TO THE DEPARTMENT OF JUSTICE
UNAUTORIZED RESPONSE

This objection is asserted for the following reasons:

1. By an order from Commissioner Andrea Maybee Freud dated 03-23-05,
   the Department of Justice was directed to file legal memorandum
   with the prothonotary in response to the movants motion, taking
   into account the factual assertion in both the motion and trial
   counsel's response pursuant to Rule 61(f) on or before thursday
   june 2, 2005.

2. The Department of justice has failed to do so, nor asked this
   Honorable Court for any kind of an extension to allow them to
   submit it at a later date, however, the Department of Justice
   has now submitted an unauthorized untimely response dated 06-
   17-05.

3. The scope, purpose and construction of the Superior Court Criminal
   Rules was established to govern the procedures in all criminal
   proceedings in Superior Court, and are intended to provide for the
   just determination of every criminal proceeding, which shall be
   construed to secure simplicity in procedure, fairness in admini-
   stration and the elimination of unjustifiable expense and delay.
   The Department of Justice must abide by and follow said rules and
   proceedures as any defendant must follow them, and the courts must

not give the appearance of favoritism or unfair discretion to one party
or the other.

4. On the other hand, since the Department of Justice has responded,
   it's important for the court to take note of several issues discussed
   In my Ineffective Assistance of Counsel claim, the state admits that
   " it does not appear that the defendant in fact was elgible for
   habitual offender sentencing ", yet in his "FACTS" section of his
   response ( exhibit c ), page 3 of 5, it states that " Defense Counsel:
   " I have explained this to the defendant. He still feels he is innocent
   of the charges and feels he was forced into taking the plea because
   if he had gone yo trial at the time it might have been with certain
   certainty that he would be convicted facing one life sentence plus
   an additional one hundred and one years maximum plus prosecution as
   as an habitual, which would mean another life. " no where in that
   statement by my defense counsel, did he state that I"Would'nt"get
   get an additional life sentence as an habitual when he knew or should'
   ve known at the time of his statement, thus once again demostrating
   his deficient performance  prejudicing me by failing to properly
   investigate the sentencing guidelines and giving me accurate infor-
   mation before I accepted said plea, once again establishing ineffective
   assistance of counsel.

        WHEREFORE, because the Department of Justice failed to follow
this Honorable Court's order, I'm respectfully requesting that his un-
authorized and untimely responce not be admitted.

Date: 06-22-05                                    Respectfully,

                                                  Ernest A. Crump Jr

# Certificate of Service

I, ____Ernest A. Crump Jr____, hereby certify that I have served a true

and correct cop(ies) of the attached: ___Objection of States Response___

_____ upon the following

parties/person (s):

TO: _Judge James T. Vaughn___          TO: _Comm. Andrea M. Freud_

_Superior Court, Kent County_          _Superior Court, Kent County_

_38 The Green_____          _38 The Green_____

Dover, Delaware  19901                 Dover, Delaware  19901

TO: _Prothonotary Office_____          TO: _Stephen R. Welch, Jr., Esq._

_Superior Court, Kent County_          _Department of Justice___

_38 The Green_                         _102 West Water Street_

Dover, Delaware  19901                 _Dover, Delaware 19901_

BY PLACING SAME IN A SEALED ENVELOPE and depositing same in the United
States Mail at the Delaware Correctional Center, Smyrna, DE 19977.

On this _22nd_ day of _____June_____, 2005

# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

## IN AND FOR KENT COUNTY

| | | |
|---|---|---|
| **STATE OF DELAWARE** | ) | |
| | ) | IK80-05-0002-R2 |
| v. | ) | IK80-07-0068-R2 |
| | ) | IK80-07-0070-R2 |
| **ERNEST A. CRUMP, Jr.** | ) | IK80-07-0071-R2 |
| | ) | |
| Defendant. | ) | |

Steven R. Welch, Esq., Deputy Attorney General, Department of Justice, for the State of Delaware.

Mr. Ernest A. Crump, Jr., *pro se*.

### COMMISSIONER'S REPORT AND RECOMMENDATION

#### Upon Defendant's Second Motion for Postconviction Relief
#### Pursuant to Superior Court Criminal Rule 61

FREUD, Commissioner
August 30, 2005

Defendant, Ernest A. Crump, Jr. ("Crump"), pled guilty on June 22, 1981, to Kidnapping in the First Degree, 11 *Del. C.* § 783A(3); Burglary in the Second Degree, 11 *Del. C.* § 825(1); and Felony Theft, 11 *Del. C.* § 841. On that day Crump was facing trial for Conspiracy in the First Degree, Burglary in the Second Degree, Reckless Endangering in the First Degree, Kidnapping in the First Degree and Felony Theft. The charges arose from a burglary and theft at the resident of his



*State v. Crump*
August 30, 2005

co-defendant's aunt. She was bound, gagged and placed in a trunk in her attic while
Crump and his accomplice, Alfred Thomas ("Thomas"), stole items from her home.
In return for Crump's guilty plea, the State dropped the remaining charges.
Following a presentence investigation, the Court sentenced Crump to the mandatory
life sentence (possibility of parole) for the First Degree Kidnapping charge and an
additional five years incarceration for the remaining two counts. Crump did not
appeal his conviction or sentence to the Delaware Supreme Court.

Nearly fifteen years later, on April 3, 1996, Crump filed his first Motion for
Postconviction Relief. In his motion, he raised the following grounds for relief:

> Ground One: Suppression of Favorable Evidence.
> Co-defendants affidavit excluding defendant from crime
> which was used to withdraw defendant's guilty plea,[1] was
> not allowed to be used if defendant went to trial.
>
> Ground Two: Denial of Continuance after Suppression of
> Favorable Evidence.
> After Judge Walsh[2] disallowed co-defendant's affidavit to
> be used, Judge Walsh denied defendant and his attorney
> a continuance to be prepared for trial.
>
> Ground Three: Coerced Guilty Plea.

---

[1]   Crump initially pled guilty on September 3, 1980 and was sentenced to 25 years in
prison. He subsequently moved to withdraw his plea based on the affidavit of his co-defendant,
Alfred Thomas. The motion was granted and Crump attacked his second guilty plea in his first
Rule 61 motion.

[2]   Judge Wright, not Judge Walsh presided over Crump's second guilty plea.

2

*State v. Crump*
August 30, 2005

> Because of the results of Grounds one and two, defendant
> was stressed, confused and forced by the prosecutor to
> plea to a life sentence or face a trial conviction and
> receive an additional life sentence as a habitual offender.
>
> Ground Four:[3]  Prosecutorial Misconduct.
> The prosecutor talked to defense witness moments before
> trial would have begun without movant's or Court's
> permission or knowledge until after the fact.  After said
> talk by the prosecutor, the defense witness mysteriously
> changed his statement to support the prosecutor.
>
> Ground Five:  Prosecutorial Misconduct.
> In the courtroom hallway before trial, the prosecutor
> 'pointed' to the movant and asked the victim, 'is this the
> guy?'
>
> Ground Six:  Vindictive Prosecution.
> At first trial, prosecutor offered movant plea to lesser
> charges and movant received a 25 year sentence.  After
> movant successfully attacked the first conviction, movant
> was offered no less than life sentence.

The Court found Crump's motion time-barred under Rule 61(i)(1) and
meritless.  Crump did not appeal the ruling to the State Supreme Court.

Now Crump returns to court, filing a second Rule 61 motion[4] more than

---

[3]     Grounds Four, Five and Six were added by amendment on November 6, 1996.

[4]     In 2002, Crump was paroled and subsequently violated his probation leading to an
Escape charge. He pled guilty on February 6, 2003.  He filed a Motion for Postconviction Relief
(continued...)

3

*State v. Crump*
August 30, 2005

twenty years after his conviction in which he raises six grounds for relief, including
ineffective assistance of counsel.

## I. FACTS

The following is the Finding of Facts by the Court from Crump's first

Rule 61 motion:

> On September, 3, 1980, Crump was indicted on the
> Charges of Conspiracy in the First Degree, Burglary in
> the Second Degree, Reckless Endangering in the First
> Degree, Kidnapping in the First Degree and Felony Theft
> with his co-defendant, Alfred Thomas. The two were
> charged with breaking into Thomas' elderly Aunt's home,
> tying her up and placing her in a trunk in the attic prior to
> stealing several items from her home. Fortunately, the
> victim survived.    On September 23, 1980, Crump
> changed his plea to guilty of Burglary in the Second
> Degree, Reckless Endangering First Degree and
> Kidnapping in the Second Degree, a lesser included
> offense of Kidnapping in the First Degree. Crump was
> thereafter sentenced to twenty-five years incarceration.
>
> After being sentenced, Crump moved to withdraw his
> initial guilty plea based on an affidavit signed by his co-
> defendant, Alfred Thomas, stating that Crump had not
> been involved in the crime. It had been Thomas' initial
> statement to the police following his arrest which
> implicated Crump in the crime. Based on the affidavit,

---

[4](...continued)

on the Escape charge which was denied on February 5, 2004. The instant motion has been
designated his "second" motion as it relates only to the 1980 charges.

4

*State v. Crump*
August 30, 2005

the Court granted Crump's motion to withdraw his plea on
March 27, 1981.

Crump was set to go to trial on June 22, 1981. According
to the record, prior to the trial on the 22nd, the State's
attorney asked Crump's counsel if he could speak with
Thomas, who was expected to testify on behalf of Crump
pursuant to his affidavit. Following the conversation,
Thomas stated that his affidavit was false and that he had
felt intimidated into making it. After informing the Court
of Thomas' about-face, the defense requested a
continuance to be able to investigate Thomas' claims of
coercion by Crump. Defense counsel also raised an
objection to what he perceived to be the Deputy Attorney
General ("D.A.G.") asking the victim if Crump was the
perpetrator as Crump walked into the Court. The D.A.G.
responded that it was his recollection and Detective
Faulkner's recollection that as they were walking into
Court, the victim told him "That's the man," and that he
had not instigated any attempt at identification. The
defense did not again bring up the issue of the
identification.

Before ruling on the continuance request, the Court had
Thomas brought into Court to be *voir dired* concerning his
change of heart. Thomas testified that his original
statement to the police implicating Crump was correct and
that the affidavit he signed was false. He stated he had
felt intimidated by Crump while at the Delaware
Correctional Center. Thomas claimed to have signed the
affidavit so as to avoid any unpleasantries with Crump.
Thomas stated he reported his apprehension to two guards
who he could not identify and to a fellow inmate.

5

*State v. Crump*
August 30, 2005

Following Thomas' *voir dire*, the Court denied the continuance request, stating that the only persons privy to the alleged conversation by Crump were Crump and Thomas and that both could testify at the trial. Furthermore, the Court ruled that he would allow the defense to bring in the identified inmate, to whom Thomas mentioned the conversation to, if the defense wanted to.

Following the denial of the continuance request, Crump asked that his initial plea and sentence be reinstated. The Court denied this request. The granting of the motion to withdraw Crump's initial plea had wiped the slate clean and Crump was presumed innocent. The Court further stated that Crump was 'perfectly free to use [Thomas' affidavit].'[5] Furthermore, the D.A.G. initially told the court that based on Crump's actions (i.e. withdrawing his guilty plea) he would not extend any plea offers to Crump. Following a recess, however, the State and Crump agreed to a plea arrangement whereby Crump would plead guilty to Kidnapping in the First Degree, Burglary in the Second Degree and Felony Theft in exchange for the State's dropping the remaining charges. Crump's counsel explained to the Court, in Crump's presence, that he had thoroughly gone through all the range of penalties facing Crump and the Constitutional Rights Crump would waive by pleading guilty. Defense counsel also stated that Crump indicated to Counsel that he was in fact 'guilty and says he did it.'[6]

---

[5] *State v. Crump*, Del. Super., (June 22, 1981), tr. at 28.

[6] *Id* at 32.

6

*State v. Crump*
August 30, 2005

The Court then proceeded to thoroughly question Crump concerning his offered guilty plea. Crump stated he was not under the influence of any drug or medication. He stated he agreed with the State to plead guilty to the aforementioned charges in exchange for the State dropping the remaining charges. Crump stated he voluntarily made the Plea Agreement and that no one threatened him to accept the plea offer. He further stated that no one had promised him anything other than that the State would drop the remaining charges if he pled guilty. Crump indicated that he was aware that the jury was ready to proceed with trial if he so chose. Crump then stated he was, in fact, guilty of Kidnapping in the First Degree, Burglary in the Second Degree and Felony Theft. Crump stated he was aware that he would give up his various constitutional rights and that he could not later move to withdraw his plea simply because he changed his mind. Crump acknowledged understanding the penalties he would face if the pleas were accepted including that the Kidnapping charge required a life sentence, with only the possibility of parole. Finally, Crump stated he had sufficient time to consult with his counsel concerning the entry of the pleas. The Court then accepted Crump's pleas, being satisfied that Crump knowingly and intelligently entered same.[7] The Court then ordered a Presentence Investigation.

Prior to sentencing on August 21, 1981, Crump made an oral motion, through Counsel, to withdraw his guilty plea and to change it to a Robinson Plea. However, the State

---

[7]     *Id.* at 33-40.

7

*State v. Crump*
August 30, 2005

noted it would not consider a Robinson Plea. As the Court noted, a Robinson Plea is only acceptable with the consent of the State.

The following exchange then took place:

**Defense Counsel:** I have explained this to the defendant. He still feels he is innocent of the charges and feels he was forced into taking the plea because if he had gone to trial at the time it might have been with the certain certainty that he would be convicted facing one life sentence plus and additional one hundred and one years maximum plus prosecution as an [*sic*] habitual, which would mean another life.

**The Court:** Well, of course he can have those reservations and he can express that as the reason for what he did, but if, in fact, he now agrees that the plea he entered should have been entered and the Court should have accepted it, then I see no reason why he shouldn't be sentenced.

**Defense Counsel:** The motion was just to change his plea from guilty to guilty under the Robinson Rule which the State has indicated to me they oppose and they opposed it before.[8]

The Court declined to change the plea to guilty under Robinson and Crump made no comment concerning this ruling. The Court then proceeded to sentence Crump.

---

[8]    *State v. Crump*, Del. Super. (August 21, 1981) tr. of sentencing at 3-4.

8

*State v. Crump*
August 30, 2005

> Crump did not appeal either his conviction or sentence
> or the denial of his motion to the Supreme Court.[9]

## II. CRUMP'S CONTENTIONS

In his second Motion for Postconviction Relief, Crump alleges six grounds

for relief:[10]

> Ground One:  Violation of the sixth Amendment of
> U.S. Constitution.
> Sentencing procedure deprived the movant of his
> constitutional right to have a jury determine beyond a
> reasonable doubt all facts legally essential to his sentence.
>
> Ground Two:  Abuse of Discretion.
> Trial judge denied movant a continuance on day of trial
> after a 'Key witness,' who's [*sic*] previous affidavit
> claimed defendants innocence 'Surprisingly' changed his
> statement at pre-trial hearing.
>
> Ground Three:  Abuse of Discretion.
> Trial judge abused his discretion at pretrial hearing by
> making ruling that 'whatever witness states on stand, will
> stand for trial' thus inferring the exclusion of any other
> evidence or statement.
>
> Ground Four:  Prosecutorial Misconduct.

---

[9]     *Id.* at 4-8.

[10]    The grounds for relief are from Crump's Motion for Postconviction Relief filed on
April 11, 2005.  The Court will treat the April 11, 2005 motion as an amended motion since it
basically restates the first three grounds for relief from the motion filed August 31, 2004 and adds
grounds Four, Five and Six.

9

*State v. Crump*
August 30, 2005

> Prosecutor intruded into holding room where defendants
> [*sic*] witness/co-defendant was, unrequested and without
> the defendant or his attorneys knowledge until after the
> fact, or consent, which the defendant believes influenced
> said witness to change his story.

> Ground Five:  Ineffective Assistance of Counsel.
> Defense Counsel allowed the prosecutor to threaten the
> defendant with false information, not disputing it when it
> contained information of an illegal sentence of life in
> prison if he did'nt [*sic*] plea to life in exchange of [*sic*]
> avoiding an additional life sentence.

> Ground Six:  Abuse of Discretion.
> Defendant should have had a hearing to [*sic*] his motion to
> withdraw his guilty plea because critical information
> would have been established at said hearing that would
> have made the defendant withdraw his motion to withdraw
> his guilty plea.

## III. DISCUSSION

Under Delaware law, the Court must first determine whether Crump has met
the strict procedural requirements of Superior Court Criminal Rule 61(i) before it
may consider the merits of his postconviction relief claims.[11]  The pending motion
was filed more that twenty-three years after his conviction became final.  Thus,
pursuant to Rule 61(i)(1), Crump's motion is time-barred unless he "successfully
asserts a retroactively applicable right that is newly recognized after the judgment

---

[11]      *Bailey v. State,* 588 A.2d 1121, 1127 (Del. 1991); *Younger v. State,* 580 A.2d 552,
554 (Del. 1990).

*State v. Crump*
August 30, 2005

of conviction is final."[12] Crump alleges that, in 2004, the U.S. Supreme Court first provided him with the right to have a jury determine, beyond a reasonable doubt, all facts legally essential to his sentence.[13] In *Blakely*, the U.S. Supreme Court held that "other than a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."[14] However, in *Benge v. State*, the Delaware Supreme Court held that "*Blakely* does not impact Delaware's sentencing scheme because the SENTAC [Sentencing Accountability Commission] guidelines are voluntary and non-binding."[15]  Since the newly recognized right alleged by Crump is not applicable to Delaware's SENTAC guidelines, Crump had three years after the judgment of conviction was final to file a timely Rule 61 motion. Since Crump did not file a direct appeal to the Delaware Supreme Court, the judgment of conviction became final 30 days after the Court imposed sentence.[16] The statutory time allotted Crump to file a timely Motion for Postconviction Relief expired more than twenty years ago, on September 30, 1984.

*Blakely* is also not applicable to Crump because the Court did not impose an

---

[12]     *Cobb v. State*, 1996 Del. LEXIS 2 at \*6; *State v. Mills*, 1996 Del. LEXIS 208 at \*5; Super. Ct. Crim. R. 61(i)(1).

[13]     *Blakely v. Washington,* 542 U. S. 296 (2004).

[14]     *Id.* at 2536 (citing *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000)).

[15]     2004 Del. LEXIS 506 at \*2.

[16]     Super. Ct. Crim. R. 61(m)(1).

11

*State v. Crump*
August 30, 2005

enhanced sentence on the basis of some fact which was determined at sentencing. The life sentence imposed for the kidnapping charge was required by law.[17]

In addition to being untimely, Crump's motion is repetitive and thus procedurally barred pursuant to Superior Court Criminal Rule 61(i)(2). The Court previously denied a Motion for Postconviction Relief in this case on September 2, 1997.[18] In his 1997 motion, as noted earlier, Crump alleged six grounds for relief. Pursuant to Rule 61(i)(2), Crump was required to include in his prior motion all grounds which were available to him and which he was aware of or should have been aware of when he filed the motion. In order for Crump to legitimately raise issues for the first time in the pending motion, he must show that consideration of the new claim(s) is warranted in the "interest of justice."[19] Crump has made no showing that the interests of justice require the Court to consider the merits of the claims which he is now attempting to assert. Therefore, Grounds 2, 3, 5 and 6 are procedurally barred because Crump failed to raise the claims in his prior Motion for Postconviction Relief, despite the fact that such claims were available to him in 1997.

Similarly, Crump's motion is procedurally barred under Superior Court Criminal Rule 61(i)(3) because Ground 6 was not "asserted in the proceedings

---

[17]    11 *Del. C.* §§ 783A and 4205 as they existed at the time of Crump's conviction.

[18]    *State v. Crump*, 1997 DEL. Super. LEXIS 459.

[19]    Super. Ct. Crim. R. 61(i)(2).

12

*State v. Crump*
August 30, 2005

leading to the judgment of conviction." Crump has neither shown cause for relief from the procedural default nor prejudice from violation of his rights. He has offered no reason for his failure to raise the claim regarding the procedure for withdrawing his guilty plea. It is absurd for Crump to claim - more than twenty years after the fact - that he was prejudiced because the Trial Judge *granted* his motion to withdraw his plea without first holding a hearing. Furthermore, Crump has not suffered prejudice from any alleged violation of his rights because assertion of these claims back in 1981 would not have changed the outcome of his case. Crump ultimately pled guilty to First Degree Kidnapping, Second Degree Burglary and Felony Theft on June 22, 1981, prior to going to trial. He cannot demonstrate that his case would have been resolved differently if the Trial Court had made different rulings on these issues. Crump also cannot demonstrate that the result in his case would have been different if the Court had held a hearing on his Motion to Withdraw his guilty plea.

Crump also contends, that under Rule 61(i)(5), the time bar of Rule 61(i)(1) does not apply to a claim that the Court lacked jurisdiction, or to a colorable claim that there was a miscarriage of justice because of a constitutional violation that undermined the fundamental legality, reliability, integrity or fairness of the proceedings leading to the judgment of conviction.[20] Crump is mistaken in his assumption that merely asserting a claim of either lack of jurisdiction or a

---

[20]     Super. Ct. Crim. R. 61(i)(5).

13

*State v. Crump*
August 30, 2005

constitutional violation is sufficient to warrant relief under Rule 61(i)(5). The claim
must also have merit.[21]   Furthermore, the burden of proving the constitutional
violation is on the movant.[22]   "The fundamental fairness exception...is a narrow one
and has been applied only in limited circumstance..."[23]  A review of Crump's claims
shows he has failed to allege, much less prove, any constitutional violation
concerning the entry of his guilty plea.

The pending motion is also procedurally barred under Superior Court
Criminal Rule 61(i)(4) because Grounds 3 and 4 have already been adjudicated. As
the Supreme Court of Delaware stated in *Riley v. State*, "justice does not require
that an issue that has been previously considered and rejected be revisited simply
because the claim is refined or restated."[24]  Crump previously asserted prosecutorial
misconduct in his 1997 Motion for Postconviction Relief which was denied by the
Court.   According to the opinion, the defense was aware that the prosecution
intended to speak with Mr. Thomas and did not object.  The Court noted, also, that
it is permissible for a prosecutor to speak with witnesses.[25]   The Court also

---

[21]     *State v. Mills*, 1996 Del. Super. LEXIS 208 at *6.

[22]     *Bailey v. State*, 588 A.2d at 1130.

[23]     *Younger v. State*, 580 A.2d 555 (*citing Teague v. Lane*, 489 U.S. 288, 297-299
(1989)).

[24]     585 A.2d 719, 721 (Del. 1990), rev'd on other grounds, *Riley v. Taylor*, 277 F.3d
261 (3rd Cir. 2001).

[25]     *State v. Crump*, 1997 Del. Super. LEXIS 459 at *14-15.

14

*State v. Crump*
August 30, 2005

considered and rejected the contention that the Trial Court had improperly limited Crump's prospective use of the co-defendant's prior statements at trial.[26] Since the Court has previously ruled on these claims, Crump is not entitled to relitigate them.

As previously stated, Crump's claim of ineffective assistance of counsel is time-barred by Superior Court Criminal Rule 61(i)(1) and is also procedurally barred by Rule 61(i)(2) because it was not previously raised in the 1997 Rule 61 motion. Additionally, Crump has not met the *Strickland* standard for establishing ineffective assistance of counsel articulated by the U.S. Supreme Court.[27] Crump was facing trial for First Degree Conspiracy, First Degree Reckless Endangering, First Degree Kidnapping, Second Degree Burglary and Felony Theft. Prior to going to trial, Crump pled guilty to First Degree Kidnapping, Second Degree Burglary and Felony Theft in return for the State's agreement to drop the First Degree Conspiracy and First Degree Reckless Endangering charges. The State's evidence against Crump included the victim's identification of him as one of the perpetrators and two statements from co-defendant Thomas implicating him in the crime. Initially, Thomas gave police a statement following his arrest which stated that Crump was involved in the crime. He later signed an affidavit which stated that Crump was not involved. Subsequently, however, he told the prosecutor that the affidavit which he had signed was false and that Crump was guilty. During the

---

[26]    *Id.*

[27]    *Strickland v. Washington*, 466 U.S. 668 (1984).

15

*State v. Crump*
August 30, 2005

Court's *voir dire* questioning of the witness, Thomas stated that Crump intimidated him into signing the false affidavit and that Crump was in fact involved in the crime.

Crump alleges that his prior counsel[28] represented him in a constitutionally ineffective manner when he allowed the prosecutor to threaten him with false information regarding his habitual offender status. Under the ineffective assistance of counsel standard set forth in *Strickland v. Washington*, the defendant must show that "counsel's performance was deficient" and that this "deficient performance prejudiced the defense."[29] A counsel's representations are deficient when such representations fall below an objective standard of reasonableness.[30] There is a strong presumption that counsel's conduct was professionally reasonable.[31] Crump has offered no evidence to overcome this presumption. He has not shown that his counsel committed errors. The required showing of prejudice, is satisfied when the defendant shows that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."[32] Crump has not shown that he was prejudiced by the alleged errors of counsel. Prior to Crump's entry of his guilty plea, counsel told the Court that he had reviewed with

---

[28]    Crump's counsel, Mr. Leszcz, has retired from the practice of law and has not submitted an affidavit due to health reasons.

[29]    *Strickland*, 466 U.S. at 687.

[30]    *Id.* at 688.

[31]    *Id.* at 694.

[32]    *Id.*

16

*State v. Crump*
August 30, 2005

Crump the range of penalties facing his client. Crump stated that he was aware of the penalties he faced for pleading guilty to First Degree Kidnapping, Second Degree Burglary and Felony Theft – including the life sentence with the possibility of parole which was required to be imposed for the charge of First Degree Kidnapping. The Court was satisfied that Crump offered his pleas voluntarily and knowingly and thereafter accepted his guilty pleas.

The State has acknowledged that Crump was not eligible for Habitual Offender sentencing. In any event, Crump cannot establish that his guilty pleas were coerced. As noted above, the record establishes that his pleas were entered freely and voluntarily.

It is noteworthy that, during the Plea Colloquy, Crump's counsel stated that Crump had indicated to him that he was in fact guilty of the charges to which he pled guilty. Also, although the sentence which was imposed was a life sentence, the defendant would have been eligible for parole, normally within less than twelve years.[33] So, while the sentence which was imposed was stringent, it was not necessarily unreasonable for the defendant to enter the pleas which he entered. Given the strong likelihood of conviction at trial - in view of the prospective testimony of the victim and co-defendant - Crump's decision to plead guilty to three of the five pending charges seems to have been a reasonable decision. In any event,

---

[33]    A review of Crump's criminal record demonstrates that he was, in fact, paroled. As stated above, he was returned to the custody of the Department of Corrections because he violated parole.

17

*State v. Crump*
August 30, 2005

the decision about whether to plead was ultimately Crump's and the record establishes that he freely and voluntarily chose to enter his pleas.

## IV. CONCLUSION

I recommend the Court find Crump's motion time-barred by Superior Court Criminal Rule 61(i)(1) and procedurally barred by Superior Court Criminal Rule 61(i)(2), 61(i)(3) and 61(i)(4). I further recommend that the Court find that Crump has failed to demonstrate the Court lacked jurisdiction or demonstrate that there was a constitutional violation. Therefore the Court should *deny* Crump's second motion under Rule 61.

Commissioner Andrea Maybee Freud

oc:   Prothonotary
cc:   Hon. James T. Vaughn, Jr.
      File

18

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR KENT COUNTY

STATE OF DELAWARE

     Plaintiff,

v.

Ernest A. Crump Jr,

     Defendant,

S.B.I.# 00149221

Cr. A. No. IK80-07-0070R2

IK80-07-0068R2

IK80-07-0070R2

IK80-05-0020R2

## APPEAL FROM COMMISSIONER'S FINDINGS OF FACT AND
## RECOMMENDATIONS

COMES NOW? Ernest A. Crump Jr, Pro se defendant, pursuant to Superior Court Criminal Rule 62(5)(iii), hereby appeals Commissioner Andrea M. Freud's findings of fact and recommendations of his motion for post conviction relief, for the following reasons:

1. APPEALABLE MOTIONS FILED BY MOVANT WERE NEVER RULED UPON
   PRIOR TO REPORT OF COMMISSIONER

A. On 02-04-05, movant filed a motion requesting a copy of transcripts of all proceedings on 06-22-81 and 08-21-81 in Superior court relating to him, - Motion never ruled on.

B. On 03-18-05, movant filed a motion for appointment of counsel, - Motion never ruled on.

1.

C. On 04-08-05, movant filed an objection to the 03-23-05 order of
   briefing by Commissioner Freud because of clarification needed
   and because his motions for transcripts and counsel had'nt been
   ruled upon.

D. On 06-09-05, movant filed his response about his prior attorney
   and the Department of Justice and further requested a hearing -
   request was never ruled on.

E. On 06-22-05, movant filed objections to the Department of Justice's
   unauthorized and untimely response to movants post conviction
   motion - no response to objections.

## 2. PROCEDURAL ISSUES

A. Since the Commissioner allowed the Department of Justice to file
   it's unauthorized and untimely response, the Commissioner should
   have also given me a new time to respond to the states respose date.

## 3. IRRELAVENT AND BIAS INFORMATION

A. The Commissioner used footnotes involving movants parole violation
   and a post conviction petition on a previous irrelavent case which
   has absolutely nothing to do with the facts in determining the
   instant post conviction proceedings, in fact, someone from the
   Commissioner's staff inappropiately attached a note on the foot-
   note section on page 3, indicating some uncomprehendable reason
   why said footnote was added.

2.

4.   APPRECIATION OF THE LITERACY COMPOSITION OF ANOTHER AND PASSING OFF
     AS ONE'S OWN.

     A. The Commissioner's report and opinions, and the State's unauth-
        orized and untimely response, are virtually identical, word for
        word  in writing, with excerpts after excerpts from his response
        thus making her opinion actually the product  of the mind and
        language of another, bordering on plagiarism.


        WHEREFORE? because of all these deficient issues and unaddressed
   request's and motions, the movant respectfully request the Commissioners
   report and finding of fact and recommendation be ruled as invalid,
   inappropiate and of no standing.



Dated: 09-02-05                           Respectfully,



                                          Ernest A. Crump Jr

                                          S.B.I.# 00149221
                                          Delaware Correctional Center
                                          1181 Paddock Road
                                          Smyrna, DE  19977




                               3.

# Certificate of Service

I. __Ernest A. Crump Jr__ , hereby certify that I have served a true

and correct cop(ies) of the attached: __Appeal from the Commissioner's__

__findings of fact and recommendations__ upon the following

parties/person (s):

TO: <u>Hon. James T. Vaughn</u>          TO: <u>Attorney Generals Office</u>

<u>Superior Court, Kent County</u>          DEPARTMENT OF JUSTICE

    38 The Green                     102 West Water St.

    Dover, DE  19901                Dover, DE  19904


TO: <u>Comm. Andrea M. Freud</u>          TO: _____

<u>Superior Court, Kent County</u>

    38 The Green

    Dover, DE  19901


**BY PLACING SAME IN A SEALED ENVELOPE** and depositing same in the United
States Mail at the Delaware Correctional Center, Smyrna, DE  19977.

On this __2nd__ day of __September__ , __2005__

## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

### IN AND FOR KENT COUNTY

| STATE OF DELAWARE | ) | |
| | ) | IK80-05-0020-R2 |
| v. | ) | IK80-07-0068-R2 |
| | ) | IK80-07-0070-R2 |
| ERNEST A. CRUMP, Jr. | ) | IK80-07-0071-R2 |
| | ) | |
| Defendant. | ) | |

*Submitted: October 3, 2005*
*Decided: January 31, 2006*

Steven R. Welch, Esq., Department of Justice, Dover, Delaware. Attorney for State.

Mr. Ernest A. Crump, Jr., *pro se.*

*Upon Defendant's Second Motion for Postconviction Relief*
*Pursuant to Superior Court Criminal Rule 61*
**DENIED**

**VAUGHN, President Judge**

*State v. Ernest S. Crump, Jr.*
Cr.A. Nos. 80-07-0068-R2, 0070-R2, 0071-R2, and 80-05-0020-R2
January 31, 2006

response to movant's postconviction motion.    The defendant filed a *writ of mandamus* with the Delaware Supreme Court asking that Court to compel the Superior Court to rule on his motions. The *writ of mandamus* was dismissed December 7, 2005.

**NOW, THEREFORE, IT IS ORDERED** that:

a. Having conducted a *de novo* review of the proceedings I adopt the well-reasoned Commissioner's Report and Recommendation;

b.    The defendant's Motion for Postconviction Relief is ***denied***.

President Judge

oc:    Prothonotary
cc:    Hon. Andrea M. Freud
       Stephen R. Welch, Jr., Esq.
       Ernest A. Crump, Jr.
       File

4

IN THE SUPREME COURT OF THE STATE OF
DELAWARE

ERNEST A. CRUMP, JR,

APPELLANT,

    V.

STATE OF DELAWARE,

APPELLEE.

NO. IK80·05·0020·R2,
IK80·07·0068·R2,
IK80·07·0070·R2 &
IK80·07·0071·R2

REQUEST FOR APPOINTMENT OF COUNSEL IN
PREPARATION AND PRESENTATION OF APPEAL

COMES NOW, ERNEST A. CRUMP. JR, PRO SE APPELLANT, HEREBY
MOVES FOR THIS HONORABLE COURT TO APPOINT HIM COUNSEL FOR
THE FOLLOWING REASONS:

1. THE ABOVE CAPTIONED CASE IS OVER 25 YEARS OLD
AND IS OF A SEVERE COMPLEX NATURE.

2. THE PETITIONER LACKS THE BASIC LEGAL ABILITY AND
KNOWLEDGE TO EFFECTIVELY PREPARE AND PRESENT HIS CASE AND
BELIEVE IT WOULD BE IN THE BEST INTEREST OF JUSTICE AND
FUNDAMENTAL FAIRNESS THAT HE BE APPOINTED COUNSEL

3. THE ABOVE CAPTIONED CASE IS UNIQUELY RARE IN
SUBSTANCE, CIRCUMSTANCES, PROCEDURES AND LAW THAT INVOLVES
A DEFENDANT BEING ORIGINALLY SENTENCED TO A 25 YEAR
SENTENCE, AND EVENTUALLY BEING RESENTENCED TO A LIFE

(1)

SENTENCE FOR THE SAME CASE AND CRIME.


WHEREFORE, PETITIONER RESPECTFULLY PRAYS THIS
HONORABLE COURT TO APPOINT HIM COUNSEL.


RESPECTFULLY,

DATED : 2 · 8 · 06

ERNEST A. CRUMP, JR
SBI# 149271, UNIT W
DELAWARE CORRECTIONAL CENTER
1181 PADDOCK ROAD
SMYRNA, DE . 19977


COPIES SENT TO :

OC: CLERK OF SUPREME COURT

CC: HON. JAMES T. VAUGHN
    HON. ANDREA M. FREUD
    STEPHEN R. WELCH, JR., ESQ



ERNEST A. CRUMP JR
SBI# 149221 UNIT D\W
DELAWARE CORRECTIONAL CENTER
1181 PADDOCK ROAD
SMYRNA, DELAWARE 19977

"Legal Mail"

U.S. District Court
J. Caleb Boggs Building
844 King Street, Lock Box 18
Wilmington, DE
19801





UNITED STATES POSTAL
$ 04.60°
0004608875
MAILED FROM ZIP CODE 19977
JUN 28 2007