**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF DELAWARE**

**ERNEST A. CRUMP, JR.,** )
)
Petitioner, )
)
v. ) Civ.Act.No. 07-422-SLR
)
**ELIZABETH BURRIS**, Warden[1] )
and **JOSEPH R. BIDEN III**, Attorney )
General for the State of Delaware )
)
Respondents. )

**ANSWER**

Pursuant to Rule 5 of the Rules Governing Section 2254 Actions, 28 U.S.C. foll. § 2254, respondents state the following in response to the petition for a writ of habeas corpus:

In June 1981, the petitioner, Ernest A. Crump, Jr., pled guilty to first degree kidnapping, second degree burglary, and felony theft. *See State v. Crump*, 1997 WL 718681 (Del. Super. 1997) (*Crump I*) (Ex. A). The Superior Court described the circumstances of Crump's crime and his guilty plea in *Crump I*.

> Defendant, Ernest A. Crump, Jr. ("Crump") pled guilty on June 22, 1981 to Kidnapping in the First Degree, 11 *Del.C.* § 783A(3); Burglary in the Second Degree, 11 *Del.C.* § 825(1); and Felony Theft, 11 *Del.C.* § 841. On that day Crump was facing trial for, Conspiracy in the First Degree, Burglary in the Second Degree, Reckless Endangering in the First Degree, Kidnapping in the First Degree, and Felony Theft. The charges arose from a burglary and theft at the residence of his co-defendant's Aunt, who was bound, gagged and placed in a trunk in her attic while Crump and his accomplice stole items from her home. In return for Crump's guilty plea, the State dropped the remaining charges. Following a presentence

[1] *See* Fed.R.Civ.P. 25(d)(1). Elizabeth Burris was named Acting Warden, effective September 1, 2007.

> investigation, the Court sentenced Crump to the mandatory life sentence for the First Degree Kidnapping charge and an additional five years incarceration for the remaining two counts. Crump did not appeal his conviction or sentence to the Delaware Supreme Court.

Crump' first motion for postconviction relief, filed on April 3, 1996, was denied by Superior Court in September 1997. *See Crump I*, 1997 WL 718681. Crump did not appeal the Superior Court's denial of his first motion for postconviction relief. Crump again filed for postconviction relief in January 2005, which was similarly denied by Superior Court. *Crump v. State*, 2006 WL 1837606 at *1 (Del. 2006) (*Crump II*) (Ex. B). The Delaware Supreme Court affirmed the Superior Court's ruling in July 2006. *See Crump II*, 2006 WL 1837606.

**Discussion**

In his petition for federal habeas relief, Crump raises the following grounds for relief: (1) that the sentence imposed after Crump pled guilty for the second time violated the holding of the Supreme Court of the United States in *Blakely v. Washington*; (2) his counsel was ineffective; (3) his due process rights were violated when Superior Court granted his request to withdraw his first guilty plea without a hearing; (4) Superior Court erred by not ordering his trial counsel to respond to his motion for postconviction relief; 5) Superior Court erred by not holding an evidentiary hearing on his motion for postconviction relief; 6) Superior Court violated his due process rights by not granting Crump's motion for transcripts; 7) Superior Court erred when it denied his motion for appointment of counsel; and 8) the Delaware Supreme Court erred when it did not address his claims of ineffectiveness of counsel. As set out below, all of Crump's claims are untimely under 28 U.S.C. §2244(d) and, therefore, his petition should be dismissed.

Because Crump's petition was filed in September 2006, it is subject to the Antiterrorism and Effective Death Penalty Act ("AEDPA") signed into law by the President on April 24, 1996. *See generally Lindh v. Murphy*, 521 U.S. 320, 336 (1997) (holding the AEDPA applies to "such cases as were filed after the statute's enactment."); *Lawrie v. Snyder*, 9 F. Supp.2d 428, 433 n.1 (D. Del. 1998); *Dawson v. Snyder*, 988 F. Supp. 783, 802-03 (D. Del. 1997). Because Crump did not appeal his convictions to the Delaware Supreme Court, they became final on September 21, 1981, thirty days after Superior Court imposed sentence upon Crump, and the end of the period in which Crump could appeal. *See* DEL. SUP. CT. R. 6(a)(ii); Del. Code Ann. tit. 10, §147. Because Crump's convictions became final prior to the enactment of AEDPA, Crump had until April 24, 1997 to file his federal habeas petition under 28 U.S.C. §2244(d)(1)(A). *See Burns v. Morton,* 134 F.3d 109, 111-12 (3d Cir. 1998). Crump's petition, dated July 2, 2007, was obviously filed past the April 1997 deadline. The petition is thus untimely and must be dismissed, unless the time period can be statutorily or equitably tolled. *See Jones v. Morton*, 195 F.3d 153, 158 (3d Cir. 1999).[2]

In turn, the tolling mechanism of §2244(d)(2) does not save Crump's petition from the running of the limitations period. When applicable, §2244(d)(2) tolls the one-year period of § 2244(d)(1) during the time that a properly filed state postconviction action is pending in the state courts. Crump's 1996 postconviction motion did not act to toll the limitations period, because it was untimely under state law. *Crump I*, 1997 WL 718681 at *4. *See Pace v. DiGuglielmo*, 544 U.S. 408 (2005). Because Crump has filed this federal habeas action more than ten years beyond the §2244 bar, it is untimely.

[2] Crump does not allege, nor can respondents discern, any reason to believe that the terms of 28 U.S.C. §2244(d)(1)(B)-(D) are applicable to any of Crump's claims.

Of course, as the Court has repeatedly noted, the limitation period might be subject to equitable tolling. *See, e.g., Thomas v. Snyder*, 2001 WL 1555239, at *3-4 (D. Del. Nov. 28, 2001) (Ex. C). Equitable tolling, however, applies only where the petitioner "has in some extraordinary way been prevented from asserting his or her rights." *Miller v. New Jersey State Dep't of Corrections*, 145 F.3d 616, 618 (3d Cir. 1998). Here, Crump has failed to demonstrate or even allege any extraordinary circumstances that prevented him from filing his petition with the Court in a timely manner. Crump has, in fact, never been diligent in asserting his rights – he did not appeal his convictions to the Delaware Supreme Court, he waited more than fourteen years after his conviction became final to file his first motion for postconviction relief, and he waited more than an additional decade to file this action. Crump cannot credibly allege that the legal arguments or facts were unavailable to him during the limitations period. In short, Crump's claims are untimely under § 2244(d), and there is no basis upon which any relevant time should be excluded by virtue of the equitable tolling doctrine. Accordingly, Crump is not entitled to relief.

**Conclusion**

Based upon a review of the record, it appears that transcripts of the June 22, 1981 plea colloquy and Crump's August 21, 1981 sentencing have been prepared. In the event that the Court directs the production of any transcript, respondents cannot state with specificity when such transcript would be available. However, respondents reasonably anticipate that such production would take 90 days from the issuance of any such order by the Court.

/s/ James T. Wakley
Deputy Attorney General
Department of Justice
820 N. French Street
Wilmington, DE 19801
(302) 577-8500
Del. Bar. ID No. 4612

DATE: November 26, 2007

Westlaw.

Not Reported in A.2d
Not Reported in A.2d, 1997 WL 718681 (Del.Super.)
**(Cite as: Not Reported in A.2d)**

Page 1

H

State v. Crump
Del.Super.,1997.
Only the Westlaw citation is currently available.
UNPUBLISHED OPINION. CHECK COURT RULES BEFORE CITING.

Superior Court of Delaware.
STATE of Delaware,
v.
Ernest A. CRUMP, Jr., Defendant.
**No. IK80-07-0068-R1, IK80-07-0070-R1, IK80-07-0071-R1.**

Sept. 2, 1997.

Michael W. Teichman, Deputy Attorney General, Dover, Delaware. Attorney for the State.
Ernest A. Crump, Jr., pro se.

***ORDER***

TERRY, J.

***1** On this 2nd day of September, 1997, upon consideration of the defendant's Motion for Postconviction Relief, the Commissioner's Report and Recommendations, and the record in this case, it appears that:

1. On June 22, 1981, Defendant, Ernest A. Crump, Jr., ("Crump") pled guilty to Kidnapping in the First Degree, 11 *Del.C.* § 783A(3); Burglary in the Second Degree, 11 *Del.C.* § 825(1); and Felony Theft, 11 *Del.C.* § 841. Crump was sentenced to mandatory life for the First Degree Kidnapping charge and an additional five years for the remaining two counts.

2. On April 3, 1996, Crump filed a Motion for Postconviction Relief under Superior Court Criminal Rule 61. The motion was referred to the Superior Court Commissioner on September 19, 1996 for proposed findings and recommendations pursuant to 10 *Del.C.* § 512(b) and Superior Court Criminal Rule 62. The Commissioner's Report and Recommendation addressed all of Crump's claims and recommended that his motion for postconviction relief was time-barred by Superior Court Criminal Rule 61(i)(1), and that he had failed to demonstrate the Court had lacked jurisdiction or showed a colorable claim that there was a constitutional violation and *denied* Crump's motion.

3. **NOW, THEREFORE,** after careful and *de novo* review of the record in this action, and for the reasons stated in the Commissioner's Report and Recommendation dated April 14, 1997,

**IT IS ORDERED** that:

a. The well-reasoned Commissioner's Report and Recommendation is adopted by the Court;

b. Defendant's Motion for Postconviction Relief is ***denied.***

*COMMISSIONER'S REPORT AND RECOMMENDATION*

***Upon Consideration of Defendant's Motion For Postconviction Relief Pursuant to Superior Court Criminal Rule 61***

Defendant, Ernest A. Crump, Jr. ("Crump") pled guilty on June 22, 1981 to Kidnapping in the First Degree, 11 *Del.C.* § 783A(3); Burglary in the Second Degree, 11 *Del.C.* § 825(1); and Felony Theft, 11 *Del.C.* § 841. On that day Crump was facing trial for, Conspiracy in the First Degree, Burglary in the Second Degree, Reckless Endangering in the First Degree, Kidnapping in the First Degree, and Felony Theft. The charges arose from a burglary and theft at the residence of his co-defendant's Aunt, who was bound, gaged and placed in a trunk in her attic while Crump and his accomplice stole items from her home. In return for Crump's guilty plea, the State dropped the remaining charges. Following a presentence investigation, the Court sentenced Crump to the mandatory life sentence for the First Degree Kidnapping charge and an additional five years incarceration for the remaining two counts. Crump did not appeal his conviction or sentence to the Delaware Supreme Court.

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Ex. A

Not Reported in A.2d
Not Reported in A.2d, 1997 WL 718681 (Del.Super.)
**(Cite as: Not Reported in A.2d)**

Page 2

Nearly fifteen years later, on April 3, 1996, Crump filed the instant motion alleging the following grounds for relief:

**Ground One:** Suppression of Favorable Evidence.

Co-defendants affidavit excluding defendant from crime which was used to withdraw defendant's guilty plea,FN1 was not allowed to be used if defendant went to trial.

FN1. Crump initially plead guilty on September 3, 1980 and was sentenced to 25 years in prison. He subsequently moved to withdraw his plea based on an affidavit of his co-defendant, Alfred Thomas. The motion was granted and Crump now attacks his second guilty plea.

*2 **Ground Two:** Denial of Continuance after Suppression of Favorable Evidence.

After Judge Walsh FN2 disallowed co-defendant's affidavit to be used, Judge Walsh denied defendant and his attorney a continuance to be prepared for trial.

FN2. Judge Wright not Judge Walsh presided over Crump's second guilty plea.

**Ground Three:** Coerced guilty plea.

Because of the results of Grounds one and two, defendant was stressed, confused and forced by the prosecutor to plea to a life sentence or face a trial conviction and receive an additional life sentence as an habitual offender.

Subsequently, on November 6, 1996 Crump moved to amend his motion to add the following grounds for relief:

**Ground Four:** Prosecutorial Misconduct.

The prosecutor talked to defense witness moments before trial would have begun without movant's or Court's permission or knowledge until after the fact. After said talk by the prosecutor, the defense witness mysteriously changed his statement to support the prosecutor.

**Ground Five:** Prosecutorial Misconduct.

In the Courtroom Hallway before trial, the prosecutor "pointed" to the movant and asked the victim, "is this the guy?"

**Ground Six:** Vindictive Prosecution.

At first trial, prosecutor offered movant plea to lesser charges and movant received a 25 year sentence. After movant successfully attacked first conviction, movant was offered no less than life sentence.

At the direction of the Court, the State has responded. Crump has filed a reply to the State's response. The motion was referred to the Court Commissioner and this constitutes my findings of fact and recommendations to the Court.

On September 3, 1980 Crump was indicted on the charges of Conspiracy in the First Degree, Burglary in the Second Degree, Reckless Endangering in the First Degree, Kidnapping in the First Degree and Felony Theft with his codefendant, Alfred Thomas. The two were charged with breaking into Thomas' elderly Aunt's home, tying her up and placing her in a trunk in the attic prior to stealing several items from her home. Fortunately, the victim survived. On September 23, 1980, Crump changed his plea to guilty of Burglary in the Second Degree, Reckless Endangering First Degree, and Kidnapping in the Second Degree, a lesser included offense of Kidnapping in the First Degree. Crump was thereafter sentenced to twenty-five years incarceration.

After being sentenced, Crump moved to withdraw his initial guilty plea based on an affidavit by his co-defendant, Alfred Thomas, stating that Crump has not been involved in the crime. It had been Thomas' initial statement to the police following his arrest which implicated Crump in the crime. Based on the affidavit, the Court granted Crump's motion to withdraw his plea on March 27, 1981.

Crump was set to go to trial on June 22, 1981. According to the record, prior to the trial on the 22nd, the State's attorney asked Crump's counsel if he could speak with Thomas, who was expected to testify on behalf of Crump pursuant to his affidavit. Following the conversation, Thomas stated that his affidavit was false and that he had felt intimated in-

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in A.2d
Not Reported in A.2d, 1997 WL 718681 (Del.Super.)
**(Cite as: Not Reported in A.2d)**

Page 3

to making it. After informing the Court of Thomas' about face, the defense requested a continuance to be able to investigate Thomas' claims of coercion by Crump. Defense counsel also raised an objection to what he perceived to be the Deputy Attorney General ("D.A.G.") asking the victim if Crump was the perpetrator as Crump walked into the Court. The D.A.G. responded that it was his recollection and Detective Faulkner's recollection that as they were walking into Court, the victim told him "That's the man," and that he had not instigated any attempt at identification. The defense did not again bring up the issue of the identification.

*3 Before ruling on the continuance request, the Court had Thomas brought into Court to be voir dired concerning his change of heart. Thomas testified that his original statement to the police implicating Crump was correct and that the affidavit he signed was false. He stated he had felt intimidated by Crump while at the Delaware Correctional Center. Thomas claimed to have signed the affidavit so as to avoid any unpleasantries with Crump. Thomas stated he reported his apprehension to two guards who he could not identify and to a fellow inmate.

Following Thomas' voir dire the Court denied the continuance request, stating that the only persons privy to the alleged conversation by Crump were Crump and Thomas and that both could testify at the trial. Furthermore, the Court ruled that he would allow the defense to bring in the identified inmate, to whom Thomas mentioned the conversation to, if the defense wanted to.

Following the denial of the continuance request, Thomas asked that his initial plea and sentence be reinstated. The Court denied this request. The granting of the motion to withdraw Crump's initial plea had wiped the slate clean and Crump was presumed innocent. The Court further stated that Crump was "perfectly free to use [Thomas' affidavit]." (Transcript of proceedings June 22, 1981 "proceedings" at 28). Furthermore, the D.A.G. initially told the Court that based on Crump's actions (i.e. withdrawing his initial guilty plea) he would not extend any plea offers to Crump. Following a recess, however, the State and Crump agreed to a plea arrangement whereby Crump would plead guilty to Kidnapping in the First Degree, Burglary in the Second Degree, and Felony Theft in exchange for the State's dropping the remaining charges. Crump's counsel explained to the Court, in Crump's presence, that he had thoroughly gone through all the range of penalties facing Crump and the Constitutional Rights Crump would waive by pleading guilty. Defense counsel also stated that Crump indicated to Counsel that he was in fact "guilty and says he did it." (Proceedings at 32).

The Court then proceeded to thoroughly question Crump concerning his offered guilty plea. Crump stated he was not under the influence of any drug or medication. He stated he agreed with the State to plead guilty to the aforementioned charges in exchange for the State dropping the remaining charges. Crump stated he voluntarily made the plea agreement and that no one threatened him to accept the plea offer. He further stated that no one had promised him anything other than that the State would drop the remaining charges if he pled guilty. Crump indicated that he was aware that the jury was ready to proceed with trial if he so chose. Crump then stated he was, in fact, guilty of Kidnapping in the First Degree, Burglary in the Second Degree, and Felony Theft. Crump stated he was aware that he would give up his various constitutional rights and that he could not later move to withdraw his plea simply because he changed his mind. Crump acknowledged understanding the penalties he would face if the pleas were accepted including that the kidnapping charge required a life sentence, with only the possibility of parole. Finally, Crump stated he had sufficient time to consult with his counsel concerning the entry of the pleas. The Court then accepted Crump's pleas, being satisfied that Crump knowingly and intelligently entered same. (Proceeding at 33-40). The Court then ordered a Presentence Investigation.

*4 Prior to sentencing on August 21, 1981, Crump made an oral motion, through Counsel to withdraw his guilty plea and to change it to a Robinson Plea. However, the State noted it would not consider a

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in A.2d
Not Reported in A.2d, 1997 WL 718681 (Del.Super.)
**(Cite as: Not Reported in A.2d)**

Page 4

Robinson Plea. As the Court noted, a Robinson Plea is only acceptable with the consent of the State.

The following exchange then took place:

**Defense Counsel:** I have explained this to the defendant. He still feels he is innocent of the charges and feels he was forced into taking the plea because if he had gone to trial at the time it might have been with certain certainty that he would be convicted facing one life sentence plus an additional one hundred and one years maximum plus prosecution as an habitual, which would mean another life.

**The Court:** Well, of course he can have those reservations and he can express that as the reason for what he did, but if, in fact, he now agrees that the plea he entered should have been entered and the Court should have accepted it, then I see no reason why he shouldn't be sentenced.

**Defense Counsel:** The motion was just to change his plea from guilty to guilty under the Robinson Rule which the State has indicated to me they oppose and they opposed it before. (Transcript of sentencing at 3-4).

The Court declined to change the plea to guilty under Robinson and Crump made no comment concerning this ruling. The Court then proceeded to sentence Crump. Crump did not appeal either his conviction or sentence or the denial of his motion to the Supreme Court.

Under Delaware Law, the Court must first determine whether Crump has met the strict procedural requirements of Superior Court Criminal Rule 61(i) before it may consider the merits of the postconviction relief claims.[FN3] The pending motion was filed more than fourteen and a half years after Crump's conviction was final. Thus, pursuant to Rule 61(i)(1) Crump's motion is time-barred unless he "successfully asserts a retroactively applicable right that is newly recognized after the judgment of conviction is final." [FN4] Crump has not alleged any such right, therefore, his motion should be deemed procedurally barred under Rule 61(i)(1).

FN3. *Bailey v. State*, Del.Supr., 588 A.2d 1121, 1127 (1991); *Younger v. State*, DelSupr., 580 A.3d 552, 554 (1990) (citing *Harris v. Reed*, 489 U.S. 255, 109 S.Ct. 1038, 103 L.Ed.2d 308 (1989)).

FN4. *Cobb v. State*, Del.Supr., No. 362, 1995, Walsh, J. (Jan. 10, 1996) (ORDER) at 5-6; *State v. Mills*, Del.Supr., Cr.A. No. IN86-07-0283R2, Gebelein, J. (March 27, 1996) (Mem.Op.) at 3; Super.Ct.Crim.R. 61(i)(1).

Crump contends however, that under Rule 61(i)(5), the time bar of Rule 61(i)(1) does not apply to a claim that the Court lacked jurisdiction, or to a colorable claim that there was a miscarriage of justice because of a constitutional violation that undermined the fundamental legality, reliability, integrity or fairness of the proceeding leading to the judgment of conviction.[FN5] However, Crump is mistaken in his assumption that merely asserting a claim of either lack of jurisdiction or a constitution violation is sufficient to warrant relief under Rule 61(i)(5). The claim must also have merit.[FN6] Furthermore, the burden of proving the constitutional violation is on the movant.[FN7] "The fundamental fairness exception ... is a narrow one and has been applied only in limited circumstance..." [FN8]. A review of Crump's claims shows he has failed to allege, much less prove any constitutional violation concerning the entry of his guilty plea. For this reason, I recommend that the Court deny Crump's motion.

FN5. Super.Ct.Crim.R. 61(i)(5).

FN6. *State v. Mills*, supra. at 4.

FN7. *Bailey v. State*, 588 A.2d at 1130.

FN8. *Younger v. State*, 580 A.2d 555 (*citing*, *Teague v. Lane*, 489 U.S. 288, 297-299, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989)).

*5 Even assuming Crump's motion alleged a constitutional violation, it is clear from the record that each of Crump's claims are utterly meritless. The record reflects that contrary to Crump's assertion in

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in A.2d
Not Reported in A.2d, 1997 WL 718681 (Del.Super.)
**(Cite as: Not Reported in A.2d)**

Page 5

his first ground for relief the statement of his co-defendant was not suppressed by the Court. This ground is thus meritless. Likewise as to Crump's allegation that the trial Judge erred in denying his continuance request, Crump has not shown what prejudice he suffered by the denial, nor has he stated how this denial affected his constitutional rights. The record is clear that the denial was proper under the circumstances of the case. This claim is meritless. As for Crump's third ground for relief, that he was "stress, confused and forced" to plead guilty, Crump gives no evidence to substantiate the claim and his plea colloquy and subsequent attempt to change his plea to a Robinson Plea at sentencing belie his self serving claims now. This claim is also meritless. Crump's fourth ground for relief, that the prosecutor improperly spoke with a witness is likewise meritless. In the first place, the prosecutor is free to speak with witnesses and secondly, the defense was aware the prosecution intended to speak with Alfred Thomas and did not object. Ground five alleges that the prosecutor set up an improper identification of Crump by the victim prior to trial. As the record reflects, this was not the case. In any event, given that a trial never took place, any identification by the victim could not possibly have affected Crump. This ground is meritless. Crump's final ground for relief entitled "vindictive prosecution" totally fails to allege even the bearest constitutional ground for relief. That Crump was even offered any plea bargain by the State following his withdraw of his guilty plea apparently because he succeeded in coercing a false affidavit from his co-defendant is a testimony to the State's largess. Furthermore, a defendant is not entitled to any plea agreement. This claim is meritless.

I recommend the Court find Crump's motion time-barred by Superior Court Criminal Rule 61(i)(1), that he has failed to demonstrate the Court lacked jurisdiction or show a colorable claim that there was a constitutional violation and ***deny*** Crump's motion.

Del.Super.,1997.
State v. Crump
Not Reported in A.2d, 1997 WL 718681 (Del.Super.)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

H
Crump v. State
Del.Supr.,2006.
(The decision of the Court is referenced in the Atlantic Reporter in a 'Table of Decisions Without Published Opinions.')
Supreme Court of Delaware.
Ernest A. CRUMP, Jr., Defendant Below, Appellant,
v.
STATE of Delaware, Plaintiff Below, Appellee.
**No. 72, 2006.**

Submitted: March 27, 2006.
Decided: July 3, 2006.

Court Below-Superior Court of the State of Delaware, in and for Kent County in IK80-05-0020, 0068, 0070, 0071.

Before STEELE, Chief Justice, HOLLAND and JACOBS, Justices.

MYRON T. STEELE, Chief Justice.
*1 This 3rd day of June 2006, upon consideration of the appellant's opening brief and the appellee's motion to affirm pursuant to Supreme Court Rule 25(a), it appears to the Court that:

(1) The appellant, Ernest A. Crump, Jr., filed an appeal from the Superior Court's order of January 31, 2006, that denied his second motion for postconviction relief pursuant to Superior Court Criminal Rule 61 ("Rule 61"). The appellee, State of Delaware, has moved to affirm the judgment of the Superior Court on the ground that it is manifest on the face of the opening brief that the appeal is without merit. We agree and affirm.

(2) In 1980, Crump pleaded guilty to Burglary in the Second Degree, Reckless Endangering in the First Degree and Kidnaping in the Second Degree. After sentencing, Crump moved to withdraw the guilty plea on the basis of an exculpating affidavit signed by his co-defendant. The Superior Court granted Crump's motion. Later, when the co-defendant indicated that he intended to repudiate the affidavit, the Superior Court denied Crump's request to reinstate the initial plea and sentence.

(3) In the end, Crump pleaded guilty to Kidnaping in the First Degree, Burglary in the Second Degree and Felony Theft. The Superior Court sentenced Crump in 1981 to a mandatory term of life imprisonment and an additional five years at Level V. Crump's first motion for postconviction relief, which was filed in 1996, was denied by the Superior Court.

(4) Crump filed his second motion for postconviction relief in January 2005. The Superior Court referred the motion to a Commissioner for proposed findings and recommendations.FN1 By report dated August 30, 2005, the Commissioner recommended that the Superior Court deny Crump's motion as procedurally barred under Rule 61(i).FN2

FN1.Del.Code Ann. tit. 10, § 512(b); Del.Super. Ct.Crim. R. 62(a)(5).

FN2.Del.Super. Ct.Crim. R. 61(i) (listing bars to postconviction remedy).

(5) Crump filed written objections to the Commissioner's report. Following a de novo determination of Crump's objections, the Superior Court adopted the report and denied Crump's postconviction motion. This appeal followed.

(6) On appeal, Crump argues three of the six claims that he raised in his second postconviction motion.FN3He also challenges the Commissioner's denial of his motion for appointment of counsel and motion for transcript. Finally, Crump argues that the Superior Court should have conducted an evidentiary hearing on the postconviction motion and should not have considered the State's untimely response to the motion.FN4

FN3. Crump argues (i) violation of rights under the Sixth Amendment; (ii) ineffective assistance of counsel; and (iii) failure

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Ex. B

to conduct hearing on motion to withdraw 1980 guilty plea. Crump's remaining post-conviction claims are deemed abandoned and will not be addressed by the Court. *Somerville v. State,* 703 A.2d 629, 631 (Del.1997).

FN4. The record reflects that the State's response was due on or before June 2, 2005 and was filed on June 21, 2005.

(7) Crump has failed to demonstrate prejudicial error or abuse of discretion arising from the Commissioner's denial of his motion for appointment of counsel and motion for transcript.[FN5] Moreover, Crump has not demonstrated, and the record does not reflect, that he was prejudiced as a result of the State's untimely response to the postconviction motion.[FN6]

FN5. Crump alleges that the Superior Court failed to send the decision to him.

FN6. *Bodnari v. State,* 2006 WL 155237 (Del.Supr.). Crump addressed both the merit and the apparent untimeliness of the response in his written objection filed on June 24, 2005.

(8) We conclude that the judgment of the Superior Court should be affirmed on the basis of, and for the reasons provided in, the Commissioner's Report and Recommendations dated August 30, 2005 as adopted by the Superior Court's order dated January 31, 2006. We agree that Crump's second postconviction motion and the claims therein, coming twenty-three years after his guilty plea and sentence, were appropriately subject to a summary disposition under Rule 61(i) as untimely,[FN7] repetitive [FN8] and defaulted in the absence of any indication of cause and prejudice.[FN9]

FN7. Del.Super. Ct.Crim. R. 61(i)(1).

FN8. Del.Super. Ct.Crim. R. 61(i)(2).

FN9. Del.Super. Ct.Crim. R. 61(i)(3).

***2** (9) It is manifest on the face of Crump's opening brief that this appeal is without merit. The issues presented on appeal are controlled by settled Delaware law. To the extent that judicial discretion is implicated, clearly there was no abuse of discretion.

NOW, THEREFORE, IT IS ORDERED that, pursuant to Supreme Court Rule 25(a), the State of Delaware's motion to affirm is GRANTED. The judgment of the Superior Court is AFFIRMED.

Del.Supr.,2006.
Crump v. State
903 A.2d 322, 2006 WL 1837606 (Del.Supr.)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.



Not Reported in F.Supp.2d
Page 1
Not Reported in F.Supp.2d, 2001 WL 1555239 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

H

Thomas v. Snyder
D.Del.,2001.
Only the Westlaw citation is currently available.
United States District Court, D. Delaware.
Kevin A. THOMAS, Petitioner,
v.
Robert W. SNYDER, Warden, and Attorney General of the State of Delaware, Respondents.
**No. CIV.A. 98-597-GMS.**

Nov. 28, 2001.

MEMORANDUM AND ORDER

SLEET, District J.

*1 Kevin A. Thomas was convicted of first degree murder and possession of a deadly weapon during the commission of a felony. He is presently incarcerated in the Delaware Correctional Center in Smyrna, Delaware, where he is serving a sentence of life imprisonment. Thomas has filed with this court a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. As explained below, the court will dismiss Thomas' petition as time barred by the one-year period of limitation prescribed in 28 U.S.C. § 2244(d).

I. BACKGROUND

On June 28, 1993, following a jury trial in the Delaware Superior Court, Kevin A. Thomas was convicted of first degree murder and possession of a deadly weapon during the commission of a felony. The evidence at trial demonstrated that on September 13, 1992, Thomas shot David Turner in the face and killed him. Thomas was seventeen years old at the time. He was sentenced to life in prison without parole on the murder conviction and to a consecutive sentence of five years in prison on the weapons conviction. The Delaware Supreme Court affirmed Thomas' conviction and sentence on September 21, 1994.

On December 18, 1996, Thomas filed in state court a motion for post-conviction relief pursuant to Rule 61 of the Delaware Superior Court Criminal Rules. The trial court summarily dismissed Thomas' Rule 61 motion on December 23, 1996. Thomas appealed to the Delaware Supreme Court. His subsequent motion to withdraw the appeal was granted on March 11, 1997. Thomas filed a second Rule 61 motion for post-conviction relief on March 27, 1997, which was summarily dismissed on May 9, 1997. Again, Thomas appealed to the Delaware Supreme Court. The Court affirmed the order of dismissal on November 24, 1997.

Thomas has now filed with this court the current petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his petition Thomas articulates four separate grounds for relief: (1) The searches of his residence and car were in violation of the Fourth Amendment, and all evidence seized from these searches should have been suppressed; (2) The trial court erred in admitting identification testimony that was the result of an impermissibly suggestive photographic identification procedure; (3) The trial court violated his constitutional right to due process by giving a supplemental jury instruction pursuant to *Allen v. United States,* 164 U.S. 492 (1896); and (4) His constitutional rights were violated when police questioned him without a parent or legal guardian present. The respondents argue that the petition is subject to a one-year period of limitation that expired before Thomas filed it. Thus, they request that the court dismiss the petition as time barred.

II. DISCUSSION

A. One-Year Period of Limitation

In the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Congress amended the federal habeas statute by prescribing a one-year period of limitation for the filing of § 2254 habeas petitions by state prisoners.*Stokes v. District Attorney of the County of Philadelphia,* 247 F.3d 539, 541 (3d Cir.2001). Effective April 24, 1996, the AEDPA provides:

*2 (1) A 1-year period of limitation shall apply to

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Ex. C

an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -
(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review....

28 U.S.C. § 2244(d)(1). In order to avoid any impermissible retroactive application of the one-year period of limitation, state prisoners whose convictions became final prior to the enactment of the AEDPA were allowed to file their § 2254 petitions no later than April 23, 1997. *See* Burns v. Morton, 134 F.3d 109, 111 (3d Cir.1998)(prohibiting dismissal of petitions filed on or before April 23, 1997, as untimely under § 2244(d)(1)(A)).

Thomas' conviction became final prior to the enactment of the AEDPA. He was convicted on June 28, 1993. The Delaware Supreme Court affirmed the judgment of conviction on September 21, 1994. Thomas was then allowed ninety days in which to file a petition for a writ of certiorari with the United States Supreme Court. *See*Supreme Court Rule 13. Although Thomas did not file a petition with the United States Supreme Court, the ninety-day period in which he could have filed such a petition is encompassed within the meaning of "the conclusion of direct review or the expiration of the time for seeking such review," as set forth in § 2244(d)(1)(A).*See* Kapral v. United States, 166 F.3d 565, 576 (3d Cir.1999)(holding that on direct review, the limitation period of § 2244(d)(1)(A) begins to run at the expiration of the time for seeking review in the United States Supreme Court). Therefore, Thomas' conviction became final on December 20, 1994, ninety days after the Delaware Supreme Court affirmed his conviction, and well before the enactment of the AEDPA on April 24, 1996. Thus, he could have filed a timely habeas petition with this court not later than April 23, 1997. *See* Burns, 134 F.3d at 111.

Ascertaining the precise date Thomas filed his habeas petition with the court is somewhat problematic. The court's docket reflects that the petition was filed on October 21, 1998, the date the clerk's office received his petition and filing fee. A pro se prisoner's habeas petition, however, is considered filed on the date he delivers it to prison officials for mailing to the district court, not on the date the court receives it. *Id.* at 113.Thomas has provided the court with no documentation establishing the date he delivered his petition to prison officials for mailing. The petition itself, however, is dated August 10, 1998. The respondents maintain that the filing date is October 8, 1998, but they provide no documentation to support this conclusion. Under these circumstances, the court will extend Thomas every benefit of the doubt and will consider his habeas petition filed on August 10, 1998, the earliest possible date he could have delivered it to prison officials for mailing.

*3 Obviously Thomas' habeas petition was filed well beyond the April 23, 1997 deadline. That, however, does not end the inquiry because § 2244(d)'s period of limitation may be either statutorily or equitably tolled. *See* Jones v. Morton, 195 F.3d 153, 158 (3d Cir.1999).

B. Statutory Tolling

The AEDPA provides for statutory tolling of the one-year period of limitation:
The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(2).

Thomas filed in state court a Rule 61 motion for post-conviction relief on December 18, 1996, which the Superior Court summarily dismissed on December 23, 1996. As previously noted, Thomas appealed from the order of dismissal. His subsequent motion to withdraw the appeal was granted on March 11, 1997. The respondents concede, and correctly so, that the filing of this motion for post-conviction relief tolled the period of limitation. Thus, the period of time from December 18, 1996, through March 11, 1997, does not count toward the

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2001 WL 1555239 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

Page 3

one-year period of limitation.FN1

FN1. The court notes that the one-year period is tolled during the time between the Superior Court's dismissal of Thomas' Rule 61 motion and his timely appeal to the Delaware Supreme Court. *See Swartz v. Meyers,* 204 F.3d 417, 420 (3d Cir.2000).

Thomas filed a second Rule 61 motion for post-conviction relief in state court on March 27, 1997, which was summarily dismissed on May 9, 1997. The Delaware Supreme Court affirmed the dismissal on November 24, 1997. Again, the respondents concede that the filing of the second Rule 61 motion tolled the period of limitation.FN2 Thus, the period of time from March 27, 1997, through November 24, 1997, is excluded from the one-year limitation period.FN3

FN2. Only a "properly filed application" for post-conviction review tolls the one-year period under § 2244(d)(2). Whether Thomas' second Rule 61 motion constitutes a "properly filed application" is subject to debate. Under Rule 61, "[a]ny ground for relief that was not asserted in a prior postconviction proceeding ... is thereafter barred."Super. Ct. R.Crim. P., Rule 61(i)(2). This procedural bar, however, is inapplicable where a motion raises "a colorable claim that there was a miscarriage of justice because of a constitutional violation that undermined the fundamental legality, reliability, integrity or fairness of the proceedings leading to the judgment of conviction."*Id.,* Rule 61(i)(5). The court need not, and does not, address whether Thomas' second Rule 61 motion was a "properly filed application" because the respondents concede that the one-year period was tolled while the second Rule 61 motion was pending. Regardless, as discussed herein, Thomas' habeas petition is untimely.

FN3. Thomas could have filed, but did not file, a petition for a writ of certiorari with the United States Supreme Court within ninety days of the Delaware Supreme Court's order. *See*Supreme Court Rule 13. As explained above, on direct review that ninety-day period is excluded from the one-year period of limitation. *See Kapral,* 166 F.3d at 576. In post-conviction proceedings, however, the time during which a state prisoner may file a petition in the United States Supreme Court does *not* toll the one-year period, and the ninety-day period is counted. *Stokes,* 247 F.3d at 543.

Nonetheless, since the date of the enactment of AEDPA, more than one year has passed during which statutory tolling does not apply. First, from April 24, 1996, through December 17, 1996, a period of 238 days, no post-conviction proceedings were pending, and those 238 days are included as part of the one-year period. In addition, from March 12, 1997, through March 26, 1997, no post-conviction relief proceedings were pending, and those fourteen days must be counted. Finally, from November 25, 1997, through August 9, 1998, a period of 258 days, no motion for post-conviction relief was pending, and those 258 days must be counted.

In sum, following the enactment of the AEDPA, 510 days lapsed during which Thomas had no post-conviction proceedings pending for purposes of § 2244(d)(2). This period of time, well in excess of one year, must be counted. The court thus concludes that while the statutory tolling provision applies to certain portions of time since the enactment of the AEDPA, it does not render Thomas' habeas petition timely filed.

C. Equitable Tolling

Additionally, the one-year period of limitation prescribed in § 2244(d) may be subject to equitable tolling. *Fahy v. Horn,* 240 F.3d 239, 244 (3d Cir.2001); *Jones,* 195 F.3d at 159;*Miller v. New Jersey State Dep't of Corrections,* 145 F.3d 616, 618 (3d Cir.1998). The doctrine of equitable tolling

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2001 WL 1555239 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

Page 4

applies:

*4 only when the principles of equity would make the rigid application of a limitation period unfair. Generally, this will occur when the petitioner has in some extraordinary way been prevented from asserting his or her rights. The petitioner must show that he or she exercised reasonable diligence in investigating and bringing [the] claims. Mere excusable neglect is not sufficient.

*Miller*, 145 F.3d at 618-19 (citations omitted). In other words, equitable tolling "may be appropriate if (1) the defendant has actively misled the plaintiff, (2) the plaintiff has 'in some extraordinary way' been prevented from asserting his rights, or (3) if the plaintiff has timely asserted his rights mistakenly in the wrong forum."*Jones*, 195 F.3d at 159,*quoting* *United States v.*, *Midgley*, 142 F.3d 174, 179 (3d Cir.1998).

In the instant case, Thomas argues that the AEDPA's one-year period of limitation is at odds with the three-year period allowed for filing a Rule 61 motion for post-conviction relief. He contends that because Delaware allows three years in which to file a Rule 61 motion, and petitioners are required to exhaust state remedies before filing habeas petitions in federal court, it is unfair to apply the AEDPA's one-year period of limitation, rather than Delaware's three-year period.

Although Thomas is correct that Delaware generally allows three years in which to file a Rule 61 motion, *see* Super. Ct. R.Crim. P., Rule 61(i)(1), the court is unimpressed by his equitable tolling argument. As explained above, the court has applied § 2244(d)(2)'s tolling provision to exclude the periods of time during which his two post-conviction proceedings were pending before the state courts. These periods of time do not count against Thomas. There is nothing unfair or inequitable in applying the AEDPA's one-year period of limitation to petitioners who wait more than a year before filing a habeas petition in federal court, even if the Delaware rule permits a longer period of time in which to file Rule 61 motions.

More important, Thomas has failed to articulate any extraordinary circumstances that prevented him from filing his habeas petition with this court in a timely manner. Indeed, he has failed to offer *any* explanation for the delay. He has not provided the court with any reason why, after the AEDPA was enacted, he waited until December 18, 1996, to file his first Rule 61 motion. He has not explained why, after his second Rule 61 proceedings were completed on November 24, 1997, he waited until August 10, 1998, to file his habeas petition with this court.

In short, the court cannot discern any extraordinary circumstances that warrant applying the doctrine of equitable tolling. Thomas' habeas petition will be dismissed as untimely.

D. Motion for Appointment of Counsel

In a letter to the court dated April 16, 2000, Thomas inquired respecting appointment of counsel in this matter. The court construes this letter as a motion for appointment of counsel. The Sixth Amendment right to counsel does not extend to habeas proceedings. *See* *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *United States v. Roberson*, 194 F.3d 408, 415 n. 5 (3d Cir.1999). Additionally, the court has determined that Thomas' habeas petition will be dismissed as untimely. Accordingly, Thomas' letter dated April 16, 2000, construed as a motion for appointment of counsel, will be denied as moot.

III. CERTIFICATE OF APPEALABILITY

*5 Finally, the court must determine whether a certificate of appealability should issue. *See* Third Circuit Local Appellate Rule 22.2. The court may issue a certificate of appealability only if the petitioner "has made a substantial showing of the denial of a constitutional right."28 U.S.C. § 2253(c)(2).

When the court denies a habeas petition on procedural grounds without reaching the underlying constitutional claim, the prisoner must demonstrate that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2001 WL 1555239 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

Page 5

constitutional right; and (2) whether the court was correct in its procedural ruling. *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)."Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further."*Id.*

For the reasons discussed above, Thomas' habeas petition is barred by the one-year period of limitation. The court cannot conclude that the period should be statutorily or equitably tolled to render the petition timely. The court is convinced that reasonable jurists would not debate otherwise. Thomas therefore cannot make a substantial showing of the denial of a constitutional right, and a certificate of appealability will not issue.

IV. CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED THAT:
1. Thomas' petition for a writ of habeas corpus pursuant to 28 U .S.C. § 2254 is DISMISSED, and the relief requested therein is DENIED.
2. Thomas' letter dated April 16, 2000, requesting appointment of counsel, is construed as a motion for appointment of counsel, and so construed, is DENIED as moot.
3. The court declines to issue a certificate of appealability for failure to satisfy the standard set forth in 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

D.Del.,2001.
Thomas v. Snyder
Not Reported in F.Supp.2d, 2001 WL 1555239 (D.Del.)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

**CERTIFICATE OF SERVICE**

I hereby certify that on November 26, 2007, I electronically filed the attached documents with the Clerk of Court using CM/ECF. I also hereby certify that on November 26, 2007, I mailed, by United States Postal Service, the same documents to the following non-registered participant:

Ernest A. Crump, Jr.
SBI # 00149221
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE 19977

/s/ James T. Wakley
Deputy Attorney General
Department of Justice
820 N. French Street
Wilmington, DE 19801
(302) 577-8500
Del. Bar. ID No. 4612
james.wakley@state.de.us

Date: November 26, 2007