IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ERNEST A. CRUMP, JR., | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Civ. No. 07-422-SLR |
| | ) |
| PERRY PHELPS, | ) |
| Warden, and ATTORNEY | ) |
| GENERAL OF THE STATE | ) |
| OF DELAWARE, | ) |
| | ) |
| Respondents.[1] | ) |

---

Ernest A. Crump, Jr. Pro se petitioner.

James T. Wakley, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware. Counsel for respondents.

---

**MEMORANDUM OPINION**

Dated: July 24, 2008
Wilmington, Delaware

---

[1] Warden Perry Phelps assumed office in January 2008, replacing former Acting Warden Elizabeth Burris, an original party to this case. See Fed. R. Civ. P. 25(d)(1).

ROBINSON, District Judge

## I. INTRODUCTION

Currently before the court is petitioner Ernest A. Crump, Jr.'s ("petitioner") application for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. (D.I. 1) Petitioner is incarcerated in the James T. Vaughn Correctional Center in Smyrna, Delaware.[2] For the reasons that follow, the court will dismiss petitioner's § 2254 application as time-barred by the one-year period of limitations prescribed in 28 U.S.C. § 2244(d)(1).

## II. FACTUAL AND PROCEDURAL BACKGROUND

In June 1981, petitioner pled guilty to first degree kidnaping, second degree burglary, and felony theft. See State v. Crump, 1997 WL 718681 (Del. Super. Ct. Sept. 2, 1997). The Superior Court sentenced petitioner to a mandatory life sentence for the kidnaping conviction and an additional five years of incarceration at Level V for the remaining convictions. Petitioner did not appeal his convictions or sentences. Id.

Petitioner filed a motion for state post conviction relief under Delaware Superior Court Criminal Rule 61 ("Rule 61 motion") on April 3, 1996. In September 1997, the Superior Court denied the Rule 61 motion as untimely under Rule 61(i)(1) and, in the alternative, concluded that consideration of the claim was not warranted under Rule 61(i)(5). Id. Petitioner did not appeal the Superior Court's judgment.

Petitioner filed a second Rule 61 motion in January 2005, which the Superior Court denied as untimely, repetitive, and procedurally defaulted. See Crump v. State,

---

[2]Formerly called the Delaware Correctional Center.

1

903 A.2d 322 (Table), 2006 WL 1180969 (Del. July 3, 2006). The Delaware Supreme Court affirmed the Superior Court's judgment. Id.

Petitioner filed an application for federal habeas relief in 2007, asserting the following eight grounds for relief: (1) the sentence imposed after petitioner pled guilty for the second time violated Blakely v. Washington, 542 U.S. 296 (2004); (2) defense counsel provided ineffective assistance; (3) the Superior Court violated petitioner's right to due process by granting his request to withdraw his first guilty plea without a hearing; (4) the Superior Court erred by not ordering defense counsel to respond to petitioner's Rule 61 motion; (5) the Superior Court erred by not holding an evidentiary hearing on petitioner's Rule 61 motion; (6) the Superior Court violated petitioner's due process rights by not granting his motion for transcripts; (7) the Superior Court erred by denying petitioner's motion for appointment of counsel; and (8) the Delaware Supreme Court erred by not addressing petitioner's ineffective assistance of counsel claims. (D.I. 1) The State contends that petitioner's application should be dismissed as time-barred. (D.I. 14)

## III. DISCUSSION

### A. One-Year Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") was signed into law by the President on April 23, 1996 and applies to habeas applications filed after that date. See Lindh v. Murphy, 521 U.S. 320, 336 (1997). AEDPA prescribes a one-year period of limitations for the filing of habeas petitions by state prisoners, which begins to run from the latest of:

2

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Petitioner's § 2254 application, dated June 30, 2007, is subject to AEDPA's limitations period. Petitioner does not allege, and the court does not discern, any facts triggering the application of § 2244(d)(1)(B) or (D). To the extent petitioner's Blakely claim (claim one) can be interpreted as an attempt to trigger § 2244(d)(1)(C), it fails; the United States Supreme Court has not made Blakely retroactively applicable to cases on collateral review. See In re Olopade, 403 F.3d 159 (3d Cir. 2005). Therefore, the one-year period of limitations in this case began to run when petitioner's conviction became final under § 2244(d)(1)(A).

Pursuant to § 2244(d)(1)(A), if a state prisoner does not appeal a state court judgment, the judgment of conviction becomes final, and the one-year period begins to run, upon expiration of the time period allowed for seeking direct review. See Kapral v. United States, 166 F.3d 565, 575, 578 (3d Cir. 1999); Jones v. Morton, 195 F.3d 153, 158 (3d Cir. 1999). However, state prisoners whose convictions became final prior to AEDPA's effective date of April 24, 1996 have a one-year grace period for timely filing

3

their habeas applications, thereby extending the filing period through April 23, 1997.³ See McAleese v. Brennan, 483 F.3d 206, 213 (3d Cir. 2007); Douglas v. Horn, 359 F.3d 257, 261 (3d Cir. 2004); Burns v. Morton, 134 F.3d 109, 111 (3d Cir. 1998).

Petitioner had until April 23,1997 to timely file his application because his conviction became final in 1981, well before AEDPA's effective date. Petitioner, however, did not file the application until June 30, 2007.⁴ Therefore, the application is time-barred and should be dismissed, unless the limitations period can be statutorily or equitably tolled. See Jones, 195 F.3d at 158. The court will discuss each doctrine in turn.

**B. Statutory Tolling**

Pursuant to § 2244(d)(2), a properly filed state post-conviction motion tolls AEDPA's limitations period during the time the action is pending in the state courts, including any post-conviction appeals. 28 U.S.C. § 2244(d)(2); Swartz v. Meyers, 204

---

³Many federal circuit courts have held that the one-year grace period for petitioners whose convictions became final prior to the enactment of AEDPA ends on April 24, 1997, not April 23, 1997. See Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001)(collecting cases). Although the Third Circuit has noted that "[a]rguably we should have used April 24, 1997, rather than April 23, 1997, as the cut-off date," Douglas, 359 F.3d at 261 n.5 (citing Fed.R.Civ.P. 6(d)), it appears that April 23, 1997 is still the relevant cut-off date in this circuit. In the present situation, however, petitioner filed his petition well-past either cut-off date, rendering the one-day difference immaterial.

⁴Pursuant to the prison mailbox rule, a pro se prisoner's habeas application is deemed filed on the date he delivers it to prison officials for mailing to the district court, not on the date the application is filed in the court. See Longenette v. Krusing, 322 F.3d 758, 761 (3d Cir. 2003); Burns, 134 F.3d at 113; Woods v. Kearney, 215 F. Supp. 2d 458, 460 (D. Del. 2002)(date on petition is presumptive date of mailing and, thus, of filing). Petitioner's application is dated June 30, 2007 and, presumably, he could not have delivered it to prison officials for mailing any earlier than that date.

F.3d 417, 424-25 (3d Cir. 2000). An application is "properly filed" for statutory tolling purposes when its delivery and acceptance is in compliance with the state's applicable laws and rules governing filings, such as the form of the document, any time limits upon its delivery, the location of the filing, and the requisite filing fee. Artuz v. Bennett, 531 U.S. 4, 8 (2000).

Here, neither of petitioner's two Rule 61 motions trigger the tolling provision of § 2244(d)(1). Petitioner's first Rule 61 motion was untimely filed under Delaware law, therefore, it does not constitute a "properly filed" application for statutory tolling purposes. See Pace v. DiGuglielmo, 544 U.S. 408 (2005). Petitioner's second Rule 61 motion, filed in 2005, does not toll the limitations period because it was not properly filed under Delaware law and also because the Rule 61 motion was filed after the expiration of AEDPA's limitations period. See Long v. Wilson, 393 F.3d 390, 394-95 (3d Cir. 2004)("the state habeas petition had no effect on tolling [because AEDPA's] limitations period had already run when it was filed"). Accordingly, petitioner's habeas application must be dismissed unless the limitations period can be equitably tolled.

**C. Equitable Tolling**

The Third Circuit permits equitable tolling of AEDPA's limitations period only in rare and exceptional circumstances, such as:

(1) where the defendant actively misled the plaintiff;
(2) where the plaintiff was in some extraordinary way prevented from asserting his rights; or
(3) where the plaintiff timely asserted his rights mistakenly in the wrong forum.

Jones, 195 F.3d at 159; Miller v. New Jersey State Dept. of Corrections, 145 F.3d 616 (3d Cir. 1998); Thomas v. Snyder, 2001 WL 1555239, at *3-4 (D. Del. Nov. 28, 2001).

In order to trigger equitable tolling, the petitioner must demonstrate that he "exercised reasonable diligence in investigating and bringing [the] claims" and that he was prevented from asserting his rights in some extraordinary way; mere excusable neglect is insufficient. Miller, 145 F.3d at 618-19 (citations omitted); Schlueter v. Varner, 384 F.3d 69, 77 (3d Cir. 2004).

Petitioner does not contend, and the court cannot discern, that any extraordinary circumstances prevented him from timely filing the instant habeas application. To the extent petitioner made a mistake or miscalculation regarding the one-year filing period, that mistake does not warrant equitably tolling the limitations period. See Simpson v. Snyder, 2002 WL 1000094, at *3 (D. Del. May 14, 2002). Moreover, petitioner has not demonstrated the requisite diligence for equitable tolling; petitioner waited fourteen years after his conviction to file his first Rule 61 motion, and he then waited another ten years before filing the instant habeas application. For these reasons, the court concludes that equitable tolling is not warranted. Accordingly, the court will dismiss petitioner's habeas application as untimely.

## IV. CERTIFICATE OF APPEALABILITY

When a district court issues a final order denying a § 2254 application, the court must also decide whether to issue a certificate of appealability. See Third Circuit Local Appellate Rule 22.2. A certificate of appealability is appropriate when a petitioner makes a "substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 484 (2000). However, if a federal court denies a habeas application on procedural

grounds without reaching the underlying constitutional claims, the court is not required to issue a certificate of appealability unless the petitioner demonstrates that jurists of reason would find it debatable: (1) whether the application states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. Slack, 529 U.S. at 484.

The court finds that petitioner's application for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 is time-barred. Reasonable jurists would not find this conclusion to be debatable. Consequently, the court declines to issue a certificate of appealability.

## V. CONCLUSION

For the reasons stated, petitioner's application for habeas relief pursuant to 28 U.S.C. § 2254 is denied. An appropriate order shall issue.